## People of the State of Illinois et al.

### v.

## M. E. O'Hair et al.

*Drainage—Organization of District—Sufficiency of Petition—Quo War-
ranto—Act of 1885—Practice—Pleading.*

1. Proceedings relating to the right of individuals to act as drainage
commissioners, are reviewable in this court, an office and not a franchise
being involved.

2. The finding by drainage commissioners at their final meeting, that
the petition for the formation of the district has the requisite number of
signers, is conclusive in all subsequent proceedings in the absence of fraud
or collusion on their part.

3. Upon *quo warranto* to test the organization of a drainage district,
there being no error in the rulings of the trial court affording sufficient
grounds for reversal, this court declines to interfere with the judgment for
defendants.

[Opinion filed November 23, 1888.]

In error to the Circuit Court of Coles County; the Hon.
J. F. Hughes, Judge, presiding.

Messrs. S. M. Leitch, State's Attorney, and Wiley & Neal,
Chas. G. Eckhart and James A. Connolly, for plaintiffs in
error.

Messrs. Craig & Craig, for defendants in error.

Wall, P. J. This was *quo warranto* to test the organiza-
tion of a drainage district, the main objection being that the
petition had not been signed by a sufficient number of land
owners within the proposed district. The defendants filed
their plea in which it was alleged that the petition was so
signed, upon which there was issue.

The cause was continued to the next term of court, when
leave was asked and granted to file an additional plea. The
plaintiffs moved to strike this plea from the files and the
motion being denied they then demurred to the plea. The

demurrer was overruled and the defendant asked leave to amend the plea, which was granted, whereupon motion was made to strike the plea as amended from the files, which was denied, and a demurrer was interposed to the amended plea, which was also overruled. It does not appear what this amendment was, but we may assume it was some formal matter which had been overlooked, and that it is not material to consider now. Leave was then given to amend the information by making a change of parties relators. The relators then elected to stand by their demurrer to the second plea as amended, and the court entered judgment for the defendants, that they might have, use and enjoy their said office, etc. On the same day leave was given defendants to withdraw their first plea, and thereupon plaintiff asked leave to reply to the second plea, which was denied, and judgment was then "rendered in favor of the defendant upon the whole case," as it is stated in the record.

The case comes here by writ of error, and it is suggested by the defendants in error that a franchise is involved, and that the case should have gone to the Supreme Court for that reason. In People, etc., v. Hotz, 92 Ill. 426, a similar question was presented, and it was there held an office is not a franchise.

The objection must be overruled, and we pass to the points raised by the assignments of error. That mainly controverted is, as to the effect of the finding of the commissioners at their final meeting, that the petition was signed by the requisite number of land owners of the district as finally organized.

It is provided by Sec. 15 of the farm drainage act of 1885, that such finding "shall be conclusive;" but it is argued by plaintiffs in error that this language does not mean that the finding shall be so regarded in a direct proceeding where the sole object is to test the validity of the organization, and that it was not designed that the commissioners should be permitted thus to preclude all inquiry into the vital facts upon which the organization must depend. Upon a careful examination of the various provisions of the act, we are inclined to

hold that the finding is conclusive in all subsequent proceedings, whether the attack be direct or collateral, except, of course, in case of fraud or collusion upon the part of the commissioners.

The terms employed are general, admitting of no exception unless implied by law, and we are impressed with the belief that the Legislature designed to vest in the commissioners the power of investigation and decision, for the purpose of a final determination.    Important considerations readily suggested would require that this question should have an early and summary as well as conclusive settlement.    The policy of the law seems to be that its various provisions shall be liberally construed to accomplish the desired end, and that all reasonable intendments shall be indulged in support of the proceedings thereunder.

It is urged also that the court erred in not striking the second plea from the files and in rendering judgment for defendants upon the demurrer to second plea while there was issue undisposed of in the first plea.    It is true that in *quo warranto* the burden is upon the defendant to disclaim or justify, and it may be, as insisted, that the provision of the practice act allowing a defendant to file several pleas is not applicable.    We are not disposed, however, to consider the error in this instance, if it be error, as of grave importance.    When the court refused to strike the plea from the files the plaintiffs interposed their demurrer and after the demurrer was overruled and judgment was rendered thereon for defendants, leave was given to withdraw the first plea and then judgment was finally rendered for the defendants.    The result is that even if, by demurring, the motion to strike from the files was not waived, yet when final judgment was rendered the record contained but a single plea.    The matter thus complained of is at most but an irregularity for which we can not reverse the judgment.

It is also urged that it was error to refuse permission to reply to the second plea after the first had been withdrawn. The plaintiffs had elected to stand by their demurrer to the second plea and it was matter of discretion in the court

whether to permit them to change their position in this respect. After the second plea was withdrawn, if the court could see by what was before it, whether in the suggestions made by the parties or otherwise, that the ends of justice required that such leave be granted, it should have done so. There is nothing in the present record from which we can infer or presume that the court unfairly exercised its discretion in this respect and we find here no ground for reversal.

It is objected also that the record of June 4th, made by the commissioners, shows that there was an adjournment from May 18th to May 24th, which was a period of more than three days, thus exceeding the limit allowed by Sec. 13. It is so recited, but on referring to the record of the second meeting it appears to have been held on the 21st of May, and we must regard the recital May 24th, as a mere clerical error. A similar clerical mistake occurs in the description of land contained in the district as finally organized, one parcel in section eight being designated as (N. W. $\frac{1}{2}$) northwest half of the northeast quarter, while in the recital at the beginning of the order it is the west half of the northeast quarter. Obviously, the word *north* is an accidental interpolation and should be disregarded.

It is also suggested that the final order includes lands in section seven which appear nowhere else in the proceedings. The description of lands contained in the district is not set out in the abstract, and upon referring to the record we are unable to find that the lands mentioned in section seven are embraced in the final order. We conclude that counsel are laboring under a misapprehension as to this matter.

Having considered all the points, though not in the order as they appear in the brief, we are of opinion the record discloses no such error as requires us to reverse the judgment and the same will therefore stand affirmed in this court.

*Judgment affirmed.*