THE PEOPLE *ex rel.* Stephen Bardill *et al.*

*v.*

GEORGE HOLTZ *et al.*

1. APPEALS—*whether to the Supreme Court or to the Appellate Court—whether an office is a franchise.* An office is not a franchise, within the meaning of the constitution and the statute prescribing the appellate jurisdiction of the Supreme and Appellate Courts.

2. So, upon *quo warranto* in the circuit court to oust the defendants from the office of school directors, which it was claimed they had usurped, when in fact there was no such office for the reason the territory they pretended to represent had never been lawfully created a school district, it was held, as the proceeding was not a criminal case, nor one involving a freehold, a franchise, or the validity of a statute, an appeal from the judgment therein would not lie

to this court, but must be taken to the Appellate Court, under the act creating and defining the jurisdiction of the Appellate Courts and sections 88 and 90 of the Practice act.

APPEAL from the Circuit Court of Madison county.

Messrs. IRWIN & SPRINGER, for the appellants.

Messrs. METCALF & BRADSHAW, for the appellees.

Per CURIAM: It appears, from the record herein, that this was an information, in the nature of a *quo warranto*, instituted in the court below, to try the title to the office of directors of schools in a supposed district in St. Clair county, in this State.

It appears that petitions were presented to the trustees of schools of two adjoining townships, asking for a division of a union district composed of territory of each township. These boards of school trustees in each township acted upon the petition presented to it, and each adopted an order dividing the union district, and spread the same on the record of their proceedings.

It is claimed, the petition presented to each board asked a division in a different manner and by different lines; that the orders, when made, set off districts with different territory, and some of the territory thus set off was in both districts thus designated; that the boards of trustees of the two townships have never agreed to the same division of the union district, but, so far as they have acted, they have attempted to form different districts; that failing to agree on the same division, the old union district remains whole and intact, precisely as it was before these orders were passed, and that no new district has been created.

It also appears that a portion of the citizens of the old union district claim that a new district had been formed, and under this claim they proceeded to hold an election for directors, when the defendants were declared duly elected to that office, and they have qualified, and are assuming to perform and exercise the duties and powers of directors of schools as

though the union district had been legally divided and a new district formed.

It is claimed that a new district was not formed, and never having been formed, there was no office of director to be filled by election or otherwise; that there being no new district, and the old district having directors, there was no office to fill, and that defendants did not, nor could they become officers, and having no such right, they are usurping the powers and duties of an office they do not hold. The information prays that a judgment of ouster be rendered against them.

An answer or pleas were filed by defendants, to which replications were interposed and issues formed. On a trial in the court below a large amount of evidence was heard, and the court refused the relief sought, holding the district was legally divided, and defendants were officers *de jure,* and rendered a judgment against relators for costs, and they appeal to this court and assign errors.

The trial in the court below was after the law creating the Appellate Court went into effect, and this presents the question whether this appeal should not have been taken to that court.

This is not a criminal case, nor does it involve a freehold or the validity of a statute. It involves the title to an office, and if an office is not a franchise then the appeal should have been taken to the Appellate Court. Is an office a franchise?

On turning to the second volume of Blackstone's Commentaries, page 21, we find that he classes offices among incorporeal hereditaments. He likewise classes a franchise amongst them. He treats franchises and offices as being entirely distinct from each other,—as much so as rents, commons, ways, or the others are from franchises. He says " franchise and liberty are used as synonymous terms, and their definition is, a royal privilege or branch of the king's prerogative, subsisting in the hands of a subject. Being, therefore, derived from the Crown, they must arise from the king's grant, or, in some cases may be held by prescription, which, as has been fre-

quently said, presupposes a grant." He also says, "the kinds of them are various and almost infinite." And he says that they may be vested in natural persons or bodies politic,—in one man or in many. He enumerates a number, as, corporations, the right "to hold a court leet; to have a manor or lordship, or, at least, to have a lordship paramount; to have waifs, wrecks, estrays, treasure trove, royal fish, forfeitures, and deodands; to have a court of one's own, or liberty of holding pleas and trying causes; to have the cognizance of pleas, which is a greater liberty, being an exclusive right, so that no other court shall try causes arising in that jurisdiction; to have a bailiwick, or liberty exempt from the sheriff of the county, wherein the grantee and his officers are to execute all process; to have a fair or market with the right of taking toll either there or at any other public places, as, at bridges, wharfs or the like; * * * or lastly, to have a forest chase, park, warren or fishery endowed with the privilege of royalty."

It will be observed that none of these, except corporations having the right-to take tolls at bridges, wharfs, etc., have any application, under our laws. If, then, his enumeration is to be taken, the number of cases is small in which a franchise may be involved. If the Constitutional Convention and the General Assembly used the term according with its strict legal import, and we must presume they did, then in this country it can only embrace corporations, ferries, bridges, wharfs and the like, where tolls are authorized to be taken, and we may add the elective franchise, as it is granted by the constitution to a portion of the people to elect their officers. If others exist they do not occur to us at this time.

The case, then, not being criminal, or not involving a freehold, or franchise, or the validity of a statute, under the act creating and defining the jurisdiction of the Appellate Courts, and sections 88 and 90 of the Practice act, should have been taken to the Appellate Court, and could not come directly to this court.

This court not having acquired jurisdiction to hear and decide the case, we must dismiss it, with leave to the parties to withdraw the transcript, abstracts and briefs.

*Appeal dismissed.*