## WILLIAM W. CLARK
### v.
## JACOB J. KERN, State's Attorney.

*Opinion filed February 14, 1898.*

APPEALS AND ERRORS—*when appeal does not involve a constitutional question.* An appeal calling for the construction of statutes enacted to give effect to a constitutional provision does not involve a constitutional question, where the validity of the statutes is admitted, and no claim is made that the adoption of any particular construction of the constitutional provision will affect the decision of the questions raised.

APPEAL from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

BRECKENRIDGE & RASMUSSEN, for appellant.

E. S. BOTTUM, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

William W. Clark, appellant, brought this *qui tam* action in debt for the use of himself and the county superintendent of schools of Cook county, against Jacob J. Kern, State's attorney of said county, appellee, under section 5, article 14, of the School law, alleging that appellee had collected fines, penalties and forfeitures to the amount of $59,808.47, and refused to pay the same over to the county superintendent of schools after demand, and seeking to recover double the amount of the fines, penalties and forfeitures so collected and retained. The court sustained a general demurrer to the declaration, and appellant electing to stand by his declaration, judgment for costs was entered against him and he appealed directly to this court. Appellee has entered his motion to dismiss the appeal for want of jurisdiction.

The only ground alleged as a basis for the jurisdiction of this court and the direct appeal from the Superior

Court is, that the suit involves a construction of section 25, article 6, of the constitution, which is as follows: "The judges of the Superior and circuit courts, and the State's attorney, in said county, shall receive the same salaries, payable out of the State treasury, as is or may be paid from said treasury to the circuit judges and State's attorneys of the State, and such further compensation, to be paid by the county of Cook, as is or may be provided by law. Such compensation shall not be changed during their continuance in office."

Under the authority of this provision the legislature has enacted statutes relating to the compensation of State's attorneys of the State and of Cook county, and under those statutes the questions involved in this case have arisen. It is not claimed that those statutes conflict in any manner with this provision of the constitution, but their validity is admitted, and the contention of appellant is, that a proper construction of them authorizes the payment to the State's attorney of Cook county of an amount, either by way of fees or salary, sufficient to make his compensation $7000 per annum, and requires him to pay over to the county superintendent of schools the fines, penalties and forfeitures in excess of that sum. It is also contended that in such construction of the statutes one of them is a re-enactment of a law which, with some modifications, has been in force since 1845, and is to be regarded as of the date of its first enactment. There is no suggestion that any particular construction of the constitutional provision can affect the questions so proposed to be considered, one way or the other. It is plain that the assertion that the constitution is in some way in question in the case has no foundation. The case involves nothing but the construction of statutes the validity of which is not questioned, and the construction of the constitution is in no way involved.

The motion to dismiss the appeal is sustained and the appeal is dismissed. 　　　　　*Appeal dismissed.*