(No. 11302.—Cause transferred.)

WILLIAM GEORGE PAUL, Appellant, *vs.* JOSEPHINE PAUL, Appellee.

*Opinion filed April 19, 1917.*

APPEALS AND ERRORS—*when alleged violation of due process of law provision will not sustain direct appeal to the Supreme Court.* The facts that the unsuccessful party in a divorce suit was ordered by the trial court to pay alimony *pendente lite* and solicitor's fees and was committed to jail for contempt because he refused to obey such orders will not entitle him to a direct appeal to the Supreme Court on the ground that he has been deprived of his property and liberty without due process of law, where such orders were made after a hearing upon matters regularly at issue between the parties.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding.

RYAN & LEWIS, for appellant.

PAUL J. HUXMANN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

William George Paul, appellant, filed his bill for divorce in the circuit court of Cook county against Josephine Paul, appellee, in which he alleged that he and appellee were lawfully joined in marriage on December 19, 1907. The bill was sworn to. Thereafter appellee answered admitting the marriage but denying all the charges in the bill, and filed a cross-bill in which she also alleged that she was lawfully joined in marriage to appellant on December 19, 1907. She prayed for divorce and alimony *pendente lite* and solicitor's fees. On the following day appellant answered the cross-bill, denying that he was lawfully joined in marriage to appellee and stating that he filed his original bill under a misapprehension of the law and that he had not informed his attorney of the true circumstances. Thereafter, a motion having been made by appellee for alimony *pendente lite* and solicitor's fees, appellant offered to prove that no marriage existed between him and appellee, and offered to show that he and appellee had been living and cohabiting together as husband and wife in violation of the law. The court refused to allow appellant to make this proof, and entered an order requiring him to pay appellee six dollars per week and solicitor's fees. From this order appellant prayed an appeal to the Appellate Court for the First District, where the order was affirmed. During the pendency of the appeal appellee made a further motion for alimony *pendente lite* and solicitor's fees. Upon the hearing of this motion appellant made the same offer of proof as he had made on the hearing of the former motion. The court again declined to permit this proof to be made and awarded appellee alimony *pendente lite* and solicitor's fees for the services of her solicitor in the matter of the appeal, and a further sum for the printing of the brief and argument to be filed in the Appellate Court and for appearance fee. After the

affirmance of the first order by the Appellate Court a motion to stay the mandate until appellant could present to the Supreme Court a petition for a writ of *certiorari* was denied. The mandate was filed in the circuit court, and a rule was entered requiring appellant to show cause why he should not be attached for contempt of court for failure to abide by the orders of the court theretofore entered for the payment of alimony, solicitor's fees and costs. At the time the rule was entered the appellant asked leave to file an amended bill of complaint showing that no marriage existed between him and appellee. This leave was denied, and the court refused to allow appellant to offer evidence on the question until he had complied with the orders theretofore entered requiring him to pay alimony and solicitor's fees. Appellant failed and refused to comply with these orders and was committed to jail for contempt of court.

Appellant states in his brief and argument that this appeal is prosecuted for the purpose of reviewing the orders entered requiring him to pay alimony *pendente lite* and solicitor's fees and to reverse the order committing him to jail for contempt, and contends that by the entry of these orders he has been deprived of his property and liberty without due process of law, in violation of both the Federal and State constitutions. Appellant has had his day in court and submitted the matters then in issue between him and appellee to the court for decision. The contention of appellant seems to be that as he was the unsuccessful party in the suit he has been deprived of liberty and property without due process of law. It is not a denial of due process of law to enter an order, after a hearing, disposing of any matter regularly at issue, although the order entered may be distasteful to the losing party. There is no constitutional question involved in this case and we have no jurisdiction.

The cause is transferred to the Appellate Court for the First District.                    *Cause transferred.*