THE PEOPLE *ex rel.* William E. Rexses, Appellee, *vs.* ANTON J. CERMAK *et al.* Appellants.

*Opinion filed June 18, 1925.*

1. APPEALS AND ERRORS—*when appeal does not involve constitutional question.* An appeal calling for the construction of a statute which is enacted to give effect to constitutional provisions does not involve a constitutional question where the validity of the statute is admitted and no claim is made that the adoption of any particular construction of the constitutional provision will affect the decision of the question raised.

2. SAME—*validity of statute must be involved and not merely its construction.* To warrant a direct appeal to the Supreme Court the validity of a statute must be involved and not merely its construction, and where no question is raised by either party as to

. the validity of the statute or the construction of a provision of the constitution no constitutional question is involved authorizing a direct appeal.

3. SAME—*question of right to office does not authorize a direct appeal as involving franchise.* The right to an office is not a franchise within the meaning of the constitution authorizing a direct appeal to the Supreme Court where a franchise is involved.

4. SAME—*revenue must be directly involved to authorize direct appeal.* To give the Supreme Court jurisdiction of a direct appeal upon the ground that the case relates to revenue it must relate directly to revenue and not merely incidentally or remotely.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

WILLIAM F. STRUCKMANN, HENRY A. BERGER, and HAYDEN N. BELL, for appellants.

GEORGE F. BARRETT, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

William E. Rexses, appellee, filed his petition in the superior court of Cook county against Anton J. Cermak, president of the board of commissioners of Cook county, and Anton J. Cermak, Annie Sargent Bemis, William Busse, Joseph M. Fitzgerald, Charles N. Goodnow, Maurice Kavanagh, George A. Miller, Tom Murray, Frederick W. Penfield, Charles S. Peterson, Dudley D. Pierson, Daniel Ryan, Emmett Whealan and Frank J. Wilson, as such president and members of the board of commissioners of Cook county, Robert M. Sweitzer, county clerk, *ex-officio* county comptroller and clerk of the board of commissioners of Cook county, and Patrick J. Carr, treasurer of Cook county, to compel the payment of salary alleged to be due him as sergeant deputy sheriff in the highway department of the sheriff's office in Cook county. The defendants answered the petition, and upon a hearing the court sustained a demurrer to the answer and awarded the writ of *mandamus*

commanding the appropriation and payment of appellee's salary as such deputy sheriff. All of the defendants to the petition have perfected their joint appeal direct to this court.

The petition for *mandamus* alleges, in substance, the following: The petitioner is a resident and tax-payer of the county of Cook and appellants are president and members of the board of commissioners, the county clerk, who is *ex-officio* clerk of said board and *ex-officio* comptroller of Cook county, and the treasurer of Cook county. Peter J. Hoffman is the duly elected, qualified and acting sheriff of Cook county. October 9, 1923, the judges of the circuit court of Cook county, in accordance with section 9 of article 10 of the constitution of Illinois, entered an order requiring the sheriff of Cook county to file with the clerk of the circuit court, and with the judges of said court, his written application for an assignment of help for the fiscal year 1924 and to answer certain interrogatories therein propounded. In compliance with this order of the court the sheriff filed his application for assignment of help and answered the interrogatories. The answer to interrogatory No. 3, which deals with highway police patrol deputies, stated that for the fiscal year 1923 there were 74 deputies regularly employed in the highway department, whose duties were to patrol the county highways, apprehend criminals and maintain peace on said roads, and that there were employed an additional number of deputies for not to exceed a total number of 300 men days. The answer to interrogatory No. 4 requested an additional number of 100 highway deputy sheriffs for 1924 in order that the country highways in Cook county might be properly policed and life and property protected, which could not be done with the present force. The committee of the circuit court recommended to the court that the sheriff, among other deputies and assistants, be given one chief highway deputy sheriff, three sergeant highway deputy sheriffs, 70 highway deputy sheriffs and not to exceed 1000 men days extra highway

deputies, and also six sergeant deputy sheriffs and 24 deputy sheriffs in the law enforcement department. The circuit court thereafter entered an order or rule that the sheriff be allowed the above mentioned deputies, which were necessary for the proper performance of the duties of his office. Copies of this order were served upon the proper county officials. Thereafter the finance committee of the board of commissioners reported and recommended an appropriation of $213,675 for salaries of the foregoing deputies, as follows:

| *Sheriff—Highway Division* | Per mo. | Per year. |
|---|---|---|
| No. 1— 1 chief highway deputy sheriff | $300 | $3,600 |
| No. 2— 3 sergeants, highway deputy sheriffs, 9 mo. each | 200 | 5,400 |
| No. 3—70 highway deputy sheriffs, 9 mo. each | 175 | 110,250 |
| No. 4—highway deputy sheriffs certain days, months not to exceed a total number of 1,000 men days, not to exceed $6 per day | | 6,000 |
| *Law Enforcement Division* | | |
| No. 5— 6 sergeant deputy sheriffs, 9 mo. | 225 | 12,150 |
| No. 6—24 deputy sheriffs, 9 mo. | 200 | 43,200 |
| No. 7— 3 sergeant highway deputies, 3 mos. | 175 | 1,575 |
| No. 8—70 highway deputy sheriffs, 3 mos. | 150 | 31,500 |

On February 29, 1924, the board of commissioners adopted the recommendations of the finance committee and appropriated said sums for the foregoing deputies for the fiscal year 1924. Afterwards Anton J. Cermak, president of the board of commissioners, presented to the board his veto, stating, among other things, that the duties of these deputy sheriffs were those of policemen and that such duties were not incumbent upon the sheriff, and disapproved and vetoed appropriations for three sergeant highway deputy sheriffs, six sergeant deputy sheriffs and 24 deputy sheriffs, which are items Nos. 2, 5 and 6 above. The board of commissioners did not pass the appropriation over the veto of the president of the board. The sheriff on August 29, 1924, in writing, appointed petitioner a sergeant deputy

317—38

sheriff, and he qualified as such and began his duties on September 1, 1924, and performed his duties up to and including September 15, 1924. The duties of petitioner as sergeant deputy sheriff were to assist the chief highway deputy sheriff; have charge of the various details of officers in patrolling the highways; direct and regulate the traffic of vehicles, motor and otherwise, upon the country roads and highways within the county; arrest violators of ordinances of cities, villages and towns within the county and also violators of the statutes of Illinois; act as a conservator of the peace; suppress riots, affrays, fighting, breaches of the peace and prevent crime; arrest offenders on view, apprehend criminals and maintain peace on the country roads. On September 15, 1924, the sheriff certified petitioner's name to the comptroller of Cook county as a sergeant deputy sheriff in the highway division of the sheriff's office as entitled to salary in the sum of $100. On the same day petitioner served notice on the comptroller and president of the board of commissioners to properly execute a warrant upon the county treasurer in favor of petitioner in the sum of $100 for salary for the first half of September, 1924. The comptroller and president of the board refused to execute the warrant. The prayer of the petitioner was that the comptroller and president of the board be commanded to issue and countersign a warrant on the treasurer and that the treasurer pay the petitioner the amount of the warrant, and if for any reason the court should find that there was no appropriation for the payment of the warrant the board of commissioners be commanded to appropriate the amount necessary to pay the salaries of the deputy sheriffs in the highway division and in the law enforcement department of the sheriff's office.

The answer of appellants admitted that petitioner is a citizen and tax-payer, as alleged, and that he was appointed deputy sheriff in the highway division of the sheriff's office in so far as the sheriff had power to make such appoint-

ment, and that he entered upon and performed the duties of the office as alleged in the petition. It alleged that the functions and duties of petitioner as such deputy sheriff are not functions of the sheriff's office for which compensation in the form of fees has been provided by law; that prior to 1922 no highway department existed in the sheriff's office; that in the year 1922 the sheriff petitioned the circuit court to determine the number of deputies and assistants necessary to perform the duties of his office and requested that there be allowed him a number of deputies to patrol the highways of the county, and in support of that request stated that there was a vast system of parks extending from one end of the county to the other; that a large percentage of the roads in the county had been paved; that the public was using these roads and parks extensively; that the vicious were taking advantage of this situation; that road houses, dens of vice and congregating places for the worst elements of society had been built adjacent to these roads and parks; that hold-ups, burglaries and automobile thefts had become frequent; that women were attacked and outraged with alarming frequency; that the sheriff was deluged with requests for permits to carry firearms by the citizens of the county; and that the situation was acute and conditions were such that individuals and organizations in the county were making vigorous demands for protection. Pursuant to the request of the sheriff the circuit court provided for highway deputy sheriffs, and the county board appropriated money to pay their salaries and such highway deputies were employed and performed the duty of patrolling the country highways. In 1923 the sheriff again asked the circuit court for deputies for patrolling the country highways and the highway deputies were provided for as in 1922, and the deputies asked for by the sheriff for the year 1924 are for the same purpose. The answer then denied that petitioner was entitled to any relief and prayed that the petition be dismissed. Petitioner

demurred to the answer and the demurrer was sustained by the court and the prayer of petitioner granted.

The question presented for decision is whether or not the duties of appellee as alleged in the pleadings are properly a part of the sheriff's duties. If so, the answer was demurrable; if not so, the answer was legally sufficient as a defense to the petition for *mandamus.* The validity of the statute on sheriffs is not involved. An appeal calling for the construction of a statute which is enacted to give effect to constitutional provisions does not involve a constitutional question where the validity of the statute is admitted and no claim is made that the adoption of any particular construction of the constitutional provision will affect the decision of the question raised. (*Clark* v. *Kern,* 171 Ill. 538.) To warrant an appeal direct from the lower court to the Supreme Court the validity of a statute must be involved and not merely the construction of a statute. (*Pearson* v. *Zehr,* 125 Ill. 573.) Neither the construction nor the validity of section 9 of article 10 of the constitution is involved in this case. The validity of the statute enacted to give effect to this constitutional provision, or any part or section thereof, is not involved. Where no question is raised by either party as to the validity of the statute or a construction of the provision of the constitution no constitutional question is involved authorizing a direct appeal to this court. *County of Lake* v. *Westerfield,* 268 Ill. 501.

The right to an office is not a franchise, within the meaning of the constitution authorizing a direct appeal to the Supreme Court where a franchise is involved. (*People* v. *Holtz,* 92 Ill. 426; *People* v. *Deneen,* 201 id. 452.) The revenue is not involved within the meaning of the statute authorizing an appeal direct to the Supreme Court. The revenue could only be involved, under the issues of a case, so that this court would have jurisdiction of an appeal, where some of the authorities authorized by law are proceeding to assess or collect taxes under the law and ques-

tions arise between them and the tax-payers. (*Reed* v. *Village of Chatsworth,* 201 Ill. 480.) To give the Supreme Court jurisdiction of a direct appeal upon the ground that the case relates to revenue it must relate directly to revenue, and not merely incidentally or remotely. *People* v. *Hendee,* 199 Ill. 55.

This court has no jurisdiction of this cause or this appeal. It should therefore be transferred, and it is accordingly transferred, to the Appellate Court for the First District.

*Cause transferred.*