S. L. COOPER *vs.* THE PALAIS ROYAL THEATRE COMPANY *et al.*—(NELSON THOMASSON, SR., Appellant, *vs.* S. L. COOPER *et al.* Appellees.)

*Opinion filed December 16, 1925—Rehearing denied Feb. 17, 1926.*

1. APPEALS AND ERRORS—*construction or application of statute is not sufficient to warrant direct appeal.* To confer jurisdiction on the Supreme Court to review a case on direct appeal from the circuit court on the ground that a constitutional question is involved a construction of the constitution must be involved or the validity of a statute questioned, and it is not sufficient that the construction or application of a statute, only, is involved.

2. SAME—*question whether decree deprives one of constitutional right does not warrant direct appeal.* Where a judgment or decree is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, such as taking property without due process of law, no constitutional question is presented to authorize a direct appeal to or writ of error from the Supreme Court, as the question involved in such case is the validity of the judgment or decree and not a constitutional question.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

GRANVILLE W. BROWNING, for appellant.

LITSINGER, HEALY & REID, for appellee S. L. Cooper.

A. S. & E. W. FROEHLICH, (EDMUND W. FROEHLICH, of counsel,) for appellee the Complete Artificial Stone Co.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The appellee S. L. Cooper filed a bill in the circuit court of Cook county for a mechanic's lien for labor, lumber, services of a watchman and detective, hauling lumber, rental, machinery, etc., aggregating $16,008.98, plus ten

per cent on said sum, amounting in all to $17,609.87, claimed under a written contract by Cooper with the Palais Royal Theatre Company. The Palais Royal Theatre Company, Nelson Thomasson, Sr., the Columbian Bank Note Company, and others, were made parties defendant to the bill. The Complete Artificial Stone Company filed an intervening petition, claiming a mechanic's lien against the same premises hereinafter described in the sum of $12,500 for concrete work installed thereon, for trench excavation and for labor in constructing forms for concrete under its written contract with the Palais Royal Theatre Company. The Palais Royal Theatre Company made default. The Columbian Bank Note Company, the Harris Bros. Company and I. S. Blumenthal filed answers to the bill, setting up certain claims against the Palais Royal Theatre Company, which the court found were not liens against the premises and were dismissed for want of equity. All other defendants were defaulted except Nelson Thomasson, Sr., who filed his answers to the bill and the intervening petition and defended against the claims therein made. The cause was referred to the master in chancery for proofs and findings, who found that Cooper was only entitled to a lien for labor and for lumber furnished by him in the sum of $8398.27, plus ten per cent thereon, or $9238.09. The master also found that the intervening petitioner was entitled to a lien on the premises for concrete work installed thereon, for trench excavation and for labor in constructing forms for concrete, aggregating $11,895.90. On objections filed to the two reports of the master, which were overruled and exceptions taken and a hearing had thereon before the court, it was found by the court that Cooper was not entitled to the sum of $883, the cost of a hoisting tower, and found and decreed that he was entitled to a lien on the premises for the remaining sum allowed by the master in chancery, $8356.09, with interest. The court confirmed the master's findings as to the intervening petitioner and decreed in its

favor a mechanic's lien against the premises in the sum of $11,395.90. Nelson Thomasson, Sr., has prosecuted this appeal from the decrees.

The facts are, in substance, the following: Appellant, Nelson Thomasson, Sr., was in 1920 the owner of the premises in question, located at the southeast corner of Kedzie avenue and Ainslie street, in Chicago. There was a mortgage of $25,000 on the premises and other lots owned by appellant. In 1919 the Palais Royal Theatre Company was organized by Joseph A. Schaeffer for the purpose of acquiring the premises as a building site for a moving picture theatre to be erected by the theatre company. Nelson Thomasson, Jr., a son of appellant, was a stockholder and director in the theatre company. Schaeffer had undertaken to arrange for the financing of the company and expected to raise the money to build the theatre by selling bonds of the company. Negotiations were carried on between Schaeffer, on behalf of the theatre company, and appellant, for the purchase of the premises from appellant for the theatre site. Arrangements were made between them whereby appellant placed in escrow with the Chicago Title and Trust Company a deed to the premises, to be turned over to the theatre company upon the payment of the $25,000 encumbrance and certain taxes. After placing the deed in escrow a written agreement was entered into September 11, 1920, between the theatre company and Cooper, whereby the latter agreed to furnish all labor and material for the masonry, carpentry and concrete work on the theatre building according to the plans and specifications of the architect. Cooper was to receive by the contract the actual cost of the labor and materials, plus ten per cent. A financing fund was to be furnished by the company, and the contract provided that Cooper should at no time expend any money in excess of the financing fund provided by the company. No financing fund was ever placed in Cooper's hands. He waived the placing of this fund in his hands and commenced

hauling lumber and materials to the building site. There is a dispute as to whether he waived the financing fund of his own accord or at the request of the company. He had just completed the building of another theatre and had lumber and tools remaining. He hauled to the premises a quantity of lumber which had previously been used for form-work on the theatre he had just completed. The lumber was delivered, a part on the lot upon which the theatre was to be built, a part between the lot line and the street, and the remainder on a vacant lot owned by appellant across the street. Cooper employed laborers to pile the lumber and clean it. He erected a hoisting tower on Ainslie street north of the lot line of the theatre site.

The Complete Artificial Stone Company entered into a written contract with the theatre company to furnish all materials and labor for the construction of the concrete foundations for the building according to the plans and specifications for the contract price of $19,293. The contract provided that payment should be made in installments, eighty-five per cent of the contract price to be paid during the progress of the work, the first payment to be made ten days after the commencement of the work and a payment every ten days thereafter. The stone company immediately commenced the work of building the concrete foundations. No payment was made by the theatre company either within ten days after the beginning of the work or at any other time. The stone company received two checks from the theatre company as payment under the contract. Both of these checks were returned marked "not sufficient funds." Thereafter Schaeffer was notified by a representative of the stone company that unless the theatre company made the payments according to the contract the work would be stopped. No payments were made and the stone company ceased work.

In addition to the claim that Cooper is not entitled to any lien under the evidence and that his claim is unreason-

able and extravagant, appellant contended in the lower court that the decree for a lien in favor of Cooper for the cost of erecting the temporary tower would render the Mechanic's Lien act repugnant to sections 2 and 14 of article 2 and section 22 of article 4 of the constitution of Illinois and to the fifth amendment to the Federal constitution. Appellant also contended in the circuit court that a decree for a lien for any partially completed work by Cooper is repugnant to the Federal and State constitutions. Appellant also made the same contentions in the lower court with reference to the decree for a mechanic's lien in favor of the stone company.

Appellant has assigned nineteen points or grounds why the court's decree is erroneous as to Cooper's claim and sixteen as to the claim of the stone company. Only two of these assignments of error in allowing Cooper's lien are based upon any supposed constitutional grounds, and in these assignments it is alleged, first, that the entry of the decree giving complainant a lien for uncompleted work when he had no contract with appellant is repugnant to section 2 of article 2 of the constitution of Illinois and to the fifth amendment to the Federal constitution; second, that the decree giving complainant a lien is repugnant to sections 4 and 22 of article 2 and section 22 of article 4 of the constitution of Illinois and to the fifth amendment to the Federal constitution. There are also two assignments of error as to the decree in favor of the stone company that are practically in the same language as the two assignments of error as to the decree in favor of Cooper, raising supposed constitutional questions. It will be noticed that in each of the four assignments of error the contention is nowhere made that any part of the Mechanic's Lien act is unconstitutional. The sum and substance of the assignments are that the decree of the court giving the liens on the property is repugnant to the constitutional provisions aforesaid.

This court has no jurisdiction of this appeal. In order to confer jurisdiction on this court to review a case on

appeal direct from the circuit court on the ground that a constitutional question is involved, a construction of the constitution must be involved or the validity of a statute questioned. (Practice act, sec. 118; *People* v. *Cermak,* 317 Ill. 590.) To warrant an appeal direct from the lower court to this court it is not sufficient that the construction of a statute or its application is involved but the validity of the statute must be involved or the construction of some provision of the constitution. (*People* v. *Cermak, supra.*) Before this court will take jurisdiction on the ground that a constitutional question is involved it must appear from the record that a fairly debatable constitutional question of the character mentioned in the Practice act was urged in the lower court, the ruling on which is preserved in the record for review and error assigned thereon in this court. (*Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633.) As is already indicated, appellant in this case does not by this appeal, and did not in the court below, ask for the construction of any constitutional provisions, State or Federal. He did not present to the circuit court in any manner any contention that any part of the Mechanic's Lien act was invalid and has not assigned any error in this court on that ground. Where a judgment or decree is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, as, the taking of property without due process of law, etc., no constitutional question is presented to authorize a direct appeal or writ of error to this court. The question involved in such a case is the validity of the judgment or decree and not a constitutional question within the meaning of the statute authorizing appeals or writs of error direct to the Supreme Court. (*Paul* v. *Paul,* 278 Ill. 196; *Hunter* v. *Empire State Surety Co.* 261 id. 335.) Appellant by this appeal is merely complaining that the decree should conform to a construction of the Mechanic's Lien act according to his theory of the constitutional limitations pointed out by

320—4

him, and such a contention raises no constitutional question within the meaning of the Practice act.

The cause will be transferred to the Appellate Court for the First District, and the clerk of this court will transmit to the clerk of such Appellate Court the transcript and all files in the cause, together with the order transferring the same.

*Cause transferred.*