(No. 26230.—

SAMUEL C. PERLMAN, Appellee, vs. THOMAS PAPER STOCK Co., Appellant.

*Opinion filed November 18, 1941.*

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, (HENRY J. BRANDT, ALBERT K. ORSCHEL, SAMUEL W. BLOCK, and ADOLF L. A. LOEB, of counsel,) for appellant.

McINERNEY, EPSTEIN & ARVEY, (ELMER GERTZ, and GEORGE L. SIEGEL, of counsel,) for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This action was started in the circuit court of Cook county to recover on an alleged verbal contract. The complaint filed by appellee, Samuel C. Perlman, contained two counts. They were designated as a count at law, and a count in equity, as provided by Rule No. 11 of this court. (370 Ill. 18.) Count one, the law count, charged that appellant, the Thomas Paper Stock Company, was engaged in the business of purchasing and disposing of newspaper refuse, and, being desirous of obtaining the waste paper business of the Chicago Tribune, it entered into a verbal contract with appellee whereby he was to use his best efforts to induce the Chicago Tribune to grant appellant a contract for its waste paper, and, if such a contract should be entered into between the Chicago Tribune

and appellant, then appellee was to receive one-half of the profits during the life of the Chicago Tribune contract with a guaranteed minimum of $500 per month. The count further alleges that the Chicago Tribune did enter into a contract to sell its waste paper to the Thomas Paper Stock Company, and that appellee fully performed his part of the verbal contract, but that appellant failed and refused to pay him the agreed compensation except for $100, and alleged that the agreed compensation was also the fair and reasonable value of the services performed by the appellee. The second count, in equity, incorporates, by reference, all of the law count with the additional allegations and prayer for an accounting of the profits under the Chicago Tribune contract. The answer filed by the appellant denied all of the material allegations of the complaint. Both parties filed demands for a trial by jury. When the cause was advanced for trial the appellant objected to proceeding with the equity case until the count at law was heard before a jury. The objection was overruled and appellee then waived the jury demand he had filed demanding a jury trial under the equity count, but reserved the right to a trial by jury on the law count. Appellant made a specific demand for a jury before proceeding to a trial of the issues, but the court overruled this demand and ordered the parties to proceed first with the equitable cause of action.

The case was heard on its merits without a jury and the judgment order that was entered found there was no basis for an accounting or for equity jurisdiction, as prayed for in count two, but entered a judgment against the appellant on the law count in the amount of $8900, and costs. The theory upon which the judgment is founded is that appellant was indebted to appellee under the terms of the verbal contract in the sum of $500 per month for the period of eighteen months, or $9000, less the $100 already paid. A direct appeal to this court was taken on the ground ap-

pellant has been deprived of its constitutional right of trial by jury.

This court has no jurisdiction of this appeal. In order to confer jurisdiction on this court to review a case on direct appeal from the circuit court on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question involving a construction of the constitution or the validity of a statute was urged in the circuit court, the ruling on which is preserved in the record for review and error assigned thereon in this court. (Ill. Rev. Stat. 1941, chap. 110, par. 199 (1); *People* v. *Cermak,* 317 Ill. 590; *Grieveau* v. *South Chicago City Railway Co.* 213 id. 633.) The appellant in this case does not, by this appeal, and did not in the court below, ask for a construction of any constitutional provisions, State or Federal. Neither the construction of section 5 of article 2 of the constitution nor the validity of any provision of the Civil Practice act is involved in this case. The appellant complains only that the judgment deprived him of his right to a trial by jury. Where a judgment or decree is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, as, the right of trial by jury, or the taking of property without due process of law, etc., no constitutional question is presented to authorize a direct appeal to this court. The question involved in such a case is the validity of the judgment or decree and not a constitutional question within the meaning of the statute authorizing appeals direct to the supreme court. (*Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44; *De La Cour* v. *De La Cour,* 363 id. 545; *Genslinger* v. *New Illinois Athletic Club,* 332 id. 316; *Albrecht* v. *Omphghent Township,* 324 id. 200; *Paul* v. *Paul,* 278 id. 196; *Hunter* v. *Empire State Surety Co.* 261 id. 335.) This court has only such jurisdiction as is conferred by law, and while

the appellee does not raise the jurisdictional question, it is the duty of the court to decline to proceed where jurisdiction is wanting. (*Jones* v. *Horrom*, 363 Ill. 193; *Will* v. *Voliva*, 344 id. 510; *Prudential Ins. Co.* v. *Hoge*, 359 id. 36.) Jurisdiction of the subject matter can not be conferred on the Supreme Court by consent. *Keplinger* v. *Lord*, 357 Ill. 571; *Kowalczyk* v. *Swift & Co.* 317 id. 312.

Since this court is without jurisdiction to review this case, the cause will be transferred to the Appellate Court for the First District. *Cause transferred.*