(No. 30720.—

WILLIAM J. DRURY, Appellee, *vs.* STEPHEN E. HURLEY *et al.*, Appellants.

*Opinion filed January 19, 1949.*

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, and SYDNEY R. DREBIN, of counsel,) all of Chicago, for appellants.

CLARENCE M. DUNAGAN, and EMMET F. BYRNE, both of Chicago, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Appellants, Stephen E. Hurley, John W. Clarke and Albert W. Williams, civil service commissioners of the city of Chicago appeal directly to this court to reverse a judgment of the superior court of Cook County dated January 28, 1948, which sustained a motion of appellee, William J. Drury, to quash the return of said commissioners, and reversed the decision of the civil service commission ordering the removal of appellee from his position of lieutenant of police in the civil service of the department of police of the city of Chicago.

April 24, 1947, the commissioner of police of the city of Chicago filed separate charges with the civil service commission of said city against appellee and Captain Thomas E. Connelly, both members of the police department of the city. The charges were similar as to each, and by stipulation were heard jointly by the commission, but separate decisions and findings were made in each case.

Appellee and Connelly had been assigned the duty of investigating the murder of one James M. Ragen which took place June 24, 1946. Through their efforts witnesses were found whose testimony aided in having three persons indicted for the murder of Ragen. Thereafter two of the witnesses who testified before the grand jury recanted their former testimony and accused appellee and Connelly, in substance, of intimidating them and forcing them to testify before the grand jury. The story of these witnesses led

to an investigation of the actions of the police officers and they were indicted with others for conspiracy to procure a false indictment for the murder of Ragen against those charged with that crime.

Appellee and Connelly were called as witnesses before the grand jury investigating the charge against them and requested to sign immunity waivers which they refused to do. Following is a copy of the immunity waiver:

"I, ............ have been advised of my legal rights, I now know I cannot be compelled or forced to give testimony against myself before the Grand Jury or any Court. I now know I do not have to make any statement nor give any answers to any question that may tend to incriminate me. I now know that whatever I say here can be used against me in any criminal proceeding involving the subject matter of my testimony.

No one has forced me, by threats or otherwise, or promised me anything either directly or indirectly to appear and testify before the Grand Jury.

Of my own free will and with full knowledge of my rights in this matter I am willing to testify before the Grand Jury and I hereby waive all claim of immunity that I may have by reason of my appearing and giving testimony before the Grand Jury concerning certain matters of which I have knowledge."

The officers thereafter were charged with conduct unbecoming a police officer in refusing to sign said immunity waiver, were tried by the commission and found guilty and were ordered removed from service. On *certiorari* in the superior court the action of the commission was set aside and this appeal followed.

We must first determine if we have jurisdiction of this appeal. Unless a constitutional question is involved we do not have jurisdiction. In appellants' brief they say: "Because the trial court held that the removal of the plaintiff from his position as Lieutenant of Police for failure to execute in writing an immunity waiver would deprive the plaintiff of his constitutional rights, the defendants have perfected a direct appeal to this court." The court evidently had in mind that appellee had a constitutional

right to refuse to give testimony against himself. (Constitution 1870, art. II, sec. 10; U. S. Constitution, 5th amendment.) He did not give testimony against himself. He did not even sign the immunity waiver. His right to refuse to sign it is conceded. He was not coerced into doing something against his constitutional protection. No threat was made to remove him from office if he did not sign the immunity waiver. He exercised his right by refusing to sign it and the question as to whether or not that refusal constituted conduct unbecoming an officer was advanced thereafter, and is to be determined in this suit.

We have uniformly held that there is no constitutional question presented such as to give us jurisdiction of a direct 'appeal where the judgment or decree is assailed on the ground that its enforcement will deprive the person against whom enforcement is sought of some constitutional right. A few cases so holding are *Chapralis* v. *City of Chicago,* 389 Ill. 269; *Trustees of Schools* v. *City of Chicago,* 373 Ill. 508; *O'Connor* v. *Rathje,* 368 Ill. 83; *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.

The prayer for relief in the lower court was that a writ of *certiorari* issue commanding the commissioners to certify and file a complete record of the proceedings of the civil service commission and that the finding and order of said commissioners be reversed and set aside as wholly for naught esteemed. It will be noted that there was no request for a construction of any constitution. The superior court did not construe any constitution and no error assigned indicates that it did. Before this court will take jurisdiction on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question of the character mentioned in the Civil Practice Act was urged in the lower court, the ruling on which is preserved in the record for review and error assigned thereon in this court. *Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238; *People ex rel. Rexses* v. *Cermak,*

317 Ill. 590; *Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633.

The mere assertion that a constitutional question is involved or that a constitutional right has been invaded is not sufficient, in the absence of other grounds, to confer jurisdiction, (*Hawkins* v. *Hawkins,* 350 Ill. 227,) as no duty rests upon the court to discover a basis on which jurisdiction to entertain the appeal can be sustained. (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261 ; *City of Chicago* v. *Peterson,* 360 Ill. 177; *People* v. *Davies,* 350 Ill. 48.) It seems clear in this case that neither party is complaining of any constitutional provision, nor is either party requesting the construction of any constitutional provision. The difference between them seems to be whether or not the exercising of a right in refusing to sign the immunity waiver is ground for removal.

In our opinion there is no constitutional question involved in this proceeding such as would give us jurisdiction and the cause is therefore transferred to the Appellate Court for the First District.