(Nos. 42321, 42415, 42416 cons.—

BETTY DOLAR KAZUBOWSKI, Appellee, *vs.* EDWARD J. KAZUBOWSKI, Appellant.

*Opinion filed March 24, 1970.—Rehearing denied June 25, 1970.*

WARD and CULBERTSON, JJ., took no part.

ANNA A. PHELPS, of Kewanee, for appellant.

GREGG A. YOUNG, HARPER ANDREWS, and CAMPBELL ANDREWS, all of Kewanee, for appellee.

Mr. JUSTICE BURT delivered the opinion of the court:

On the ground that questions arising under the constitution of the United States and of this State are involved, defendant, Edward J. Kazubowski, appeals directly to this court from certain orders of the circuit court of Henry County entered in a divorce case following an unsuccessful appeal by defendant to the Appellate Court for the Third District. Three separate appeals have been consolidated for hearing. Since the questions presented involve alleged constitutional violations arising from proceedings taken before as well as after the earlier appeal defendant has presented here the entire record in the case. It will be necessary to review it for purposes of this opinion.

After a jury trial resulting in a verdict in favor of the plaintiff, Betty Dolar Kazubowski, the circuit court entered a decree on June 13, 1966, dissolving the bonds of matri-

mony existing between plaintiff and defendant, continuing in force an order for temporary alimony and reserving for future determination the matter of partition, permanent alimony, allowance of attorney fees and such other matters as might lawfully be considered. The decree found that there was no reason for delaying enforcement or appeal of that portion of the decree granting a divorce. On August 31, 1966, a property settlement decree based on a stipulation filed August 15, 1966, was entered after denying defendant's motion to modify the stipulation. On September 6, 1966, defendant filed objections to the decree. On September 8, 1966, plaintiff filed a petition asking that defendant be cited for contempt and be ordered to pay attorney fees. On September 15, 1966, defendant filed an answer to plaintiff's petition, amended objections and motion to vacate the decree of August 31st and notice of appeal from that decree. A hearing was had on the petition, answer and defendant's objections on September 15th. By an order entered on the same date defendant's amended objections were overruled, defendant was found to be in wilful contempt for failure to pay $4900 on September 1, 1966, as agreed and $500 attorney fees and ordered committed to the county jail for a period of six months unless and until the required $5400 was paid. The order provided that the clerk issue a *mittimus* directing the sheriff to take defendant into custody and imprison him as ordered until the provisions of the order were satisfied. On September 19, 1966, plaintiff filed a petition for an allowance of alimony and attorney fees during the period of appeal. A hearing was held on September 23 after defendant had filed a special and limited appearance. The court ordered that defendant pay $70 per week alimony and $1700 attorney fees. On September 28, 1966, plaintiff filed a petition for rule to show cause why the provisions of the order of September 23 had not been complied with. Defendant replied and asked that the September 23 order be included in the appeal. This was allowed but the court

held that the divorce decree of June 13, 1966, was not part of the appeal because no appeal had been taken within the statutory time allowed.

On appeal by the defendant the appellate court held: (1) that, since there had been a specific finding that no reason existed for delay in enforcement or appeal of the divorce decree of June 13th pursuant to the applicable provisions of the Civil Practice Act, the decree was final and appealable and in view of the fact that no appeal had been taken within the time allowed it could not be reviewed, (2) that the property settlement decree of August 31st and the stipulation upon which it was based were valid and binding upon the parties, (3) that the contempt order of September 15th was valid and enforceable and (4) that the order of September 23rd was within the sound discretion of the trial court and valid. Accordingly, the appellate court dismissed the appeal with respect to the divorce decree and affirmed the decree of August 31, 1966, and the orders of September 15, 1966, and September 23, 1966. (*Kazubowski v. Kazubowski*, 93 Ill. App. 2d 126, 136.) Defendant, without petitioning for rehearing in the appellate court, filed a petition for appeal to this court as a matter of right. On September 23, 1968, the petition was denied. (39 Ill.2d 625.) Review by the U.S. Supreme Court was sought by filing a petition for writ of *certiorari*. That court denied the petition on March 3, 1969. (393 U.S. 1117, 22 L. Ed. 2d 122, 89 S. Ct. 993.) The mandate of the appellate court was filed in the trial court on March 12, 1969.

On March 7, 1969, before the mandate was filed defendant filed a motion asking that the circuit court amend its decree of August 31, 1966, by crediting the sum of $70 per week equitable alimony which had accrued pending appeal to the gross sum of $20,500 provided for in the decree. On March 19, 1969, the court entered its order sustaining plaintiff's motion to strike defendant's motion of March 7th. Nevertheless, on the same date (March 19th), defendant

filed a motion that the court enter its order for amounts found to be due under the decree and orders in the cause to date and a determination of issues allegedly not decided by the appellate court. In this argumentative document defendant took the position that since the divorce decree had been final, as decided by the appellate court, plaintiff was not the wife of defendant on September 23, 1966 and therefore the court had no authority to order payments of alimony pending appeal on that date; that plaintiff was "estopped" from receiving such payments; that plaintiff was also "estopped" by the provisions of the decree of August 31st which provided that plaintiff was barred from additional rights to alimony and that each party should pay his own attorney fees; that the stipulation for property settlement was unauthorized and the resulting decree of August 31, 1966 was invalid because it was obtained without notice to defendant and without an opportunity to be heard.

Plaintiff's supplemental petition for attorney fees under the decree of September 23, 1966, was filed on March 19, 1969, the same date on which the above motion was presented on behalf of defendant. The petition alleged that defendant had not paid any part of the alimony and attorney fees as ordered on September 23, 1966, and sought an allowance of attorney fees of $8,463.25 in addition to the $1700 ordered paid in 1966 as well as $270.99 for expenses of appeals and $175 interest on the former allowance. The court set the petition for hearing on March 25, 1969. Defendant responded by filing a special and limited appearance questioning the jurisdiction of the court and a motion for continuance until such time as the court had determined the issues raised by defendant's motion of March 19th. Defendant served notice that he would call up his motion for continuance on March 25th.

Meanwhile, on March 24th the clerk of the court issued a contempt *mittimus* pursuant to the order of September 15, 1966, requiring that defendant pay $4900 alimony and $500

attorney fees which had been affirmed on appeal. Defendant was arrested and confined in the county jail at about noon on that date. He was released at about 4:00 P.M. the next day after payment of $14,000. An order of payment and discharge entered by the court on March 25th at the time of defendant's release finds that the amount paid is in full of all sums due to date under the property settlement decree of August 31, 1966, and the order of September 15, 1966, and that defendant is purged of the contempt citation of September 15, 1966. On April 3, 1969, the court denied defendant's motion of March 19th. The order recites a hearing after notice to the respective parties and that the motion had been taken under advisement.

On April 15th defendant filed a motion for refund of the $14,000 paid on March 25th, alleging that the sum had been obtained as the result of illegal and unwarranted incarceration; that the *mittimus* was illegal and based upon a "void order"; that the proceedings taken constituted imprisonment for debt and deprived defendant of life, liberty and property in violation of his rights under the State and Federal constitutions. The motion further alleged that defendant was not permitted to have a hearing or to testify or produce evidence on March 25th. The record shows that notice of the filing of this motion was given but there is nothing which shows that defendant ever sought a hearing on it after it was filed. On April 18, 1969, a notice of appeal from the contempt *mittimus* of March 24th and the order of payment and discharge of March 25th was filed. This appeal was designated as case number 42321.

On April 22, 1969 plaintiff filed a petition for citation requiring defendant to appear and show cause why he should not be adjudged in contempt for failure to pay the equitable alimony of $70 per week required by the order of September 23, 1966, which was allegedly in arrears for 126 weeks and totalled $8,820. On the same date a notice was served that hearing on this petition had been set for

April 28th and that on the same date the court would decide the matter of allowance of attorney fees under plaintiff's petition of March 19, 1969, which had been heard and taken under advisement on April 15, 1969. On April 24th defendant entered a special and limited appearance to the petition of April 22nd alleging that the order of September 23, 1966 was void because of the court's lack of jurisdiction of the subject matter and the person of the defendant; that plaintiff was not the wife of defendant when the order was entered and that the order was contrary to public policy and morals and a denial of due process of law. On April 28, 1969, the court entered an order allowing supplemental attorney fees in the amount of $9227 which were to be in addition to the $1750 allowed on September 23, 1966. Also allowed was $270.99 for printing expenses and costs in connection with the appeals. Payment was ordered to be made within ten days. At the same time an order for citation and rule to show cause for failure to pay $8,820 equitable alimony due under the order of September 23, 1966, was entered returnable on May 2, 1969. The proceedings of April 28th show that defendant's attorney was present and given the opportunity to present evidence and cross-examine witnesses but chose to rely upon her objection to the jurisdiction of the court which was overruled. On the same day the court entered an order on its own motion regulating future pleadings of defendant to those pertaining to the present pending appeal or to any appeal thereafter instituted, finding from the files that pleadings filed and not yet heard "are voluminous, improper and vexatious". Notice of appeal from the orders entered on April 28th was filed on May 23, 1969. This is designated as case number 42415.

On May 2, 1969 the court entered its order finding defendant justly indebted for equitable alimony under the order of September 23, 1966, in the amount of $8,820; that he had refused and neglected to pay the amount due and that his failure was wilful and contumacious. He was

ordered committed for six months or until payment be made or he be otherwise released by due process of law. A *mittimus* was ordered issued by the clerk. As in the earlier proceedings the order recites that defendant has filed only his limited and special appearance and declined to offer any testimony concerning his circumstances or ability to comply with the order of September 23, 1966, or any just or legal reason why he should not be found guilty of contempt. Notice of appeal from this order of May 2nd was filed on May 26, 1969, and originates case number 42416.

With respect to proceedings taken prior to the filing of the mandate of the appellate court it is defendant's position that proceedings in the trial court were improper and illegal because he was denied an opportunity to be heard and that the various orders entered were beyond the jurisdiction and in excess of the powers of the court and constitute a deprivation of life, liberty and property without due process of law. As to the appellate court's decision defendant says (p. 35, defendant's brief) : "The opinion rendered by the Appellate Court, Third District * * * cannot be sustained by substantial evidence or the law in light of the record before them on appeal and review. The Appellate Court opinion omits certain facts and confuses others by the context in which it states them, and arrived at an erroneous decision, contrary to the laws of this State, and in direct violation of the constitutional rights against deprivations of property and liberty without due process and equal protection of the laws as guaranteed defendant under the State and Federal Constitutions, totally nullifying the rights of defendant, as an appealing party to a full and fair review of the proceedings in the trial court. The Appellate Court failed and refused to make an order that ought to have been made, and failed and refused to grant relief to defendant, who took an appeal to obtain the due process of law which up to that point of time had been denied him in the trial court." It therefore appears that the essence of defendant's

argument is that the effect of the orders of the trial court and decision of the appellate court is to deprive defendant of his constitutional rights.

The law is well settled that where a judgment or decree is challenged on the ground that its enforcement will deprive the person against whom enforcement is sought of some constitutional right, such as due process of law, no constitutional question is involved and the question presented is simply the validity of the judgment or decree. (*Maupin* v. *Maupin,* 403 Ill. 316, 318; *Drury* v. *Hurley,* 402 Ill. 243, 246; *De La Cour* v. *De La Cour,* 363 Ill. 545, 548; *Cooper* v. *Palais Royal Theatre Co.,* 320 Ill. 44, 49; *Paul* v. *Paul,* 278 Ill. 196, 198.) In other words, due process is not a guaranty against erroneous or unjust decisions by the courts which have jurisdiction of the parties and the subject matter. (*Calabrese* v. *Hatlen Heights Sewer & Water Co.,* 34 Ill.2d 483, 486; *City of Chicago* v. *Shayne,* 27 Ill.2d 414, 419.) A constitutional question is not raised by the fact that the appellate court may have misconstrued the law or committed an error for which its judgment should be reversed. (*Kaye* v. *Kremer,* 20 Ill.2d 148, 152.) The appellate court in this case has decided that all orders and decrees of the circuit court entered prior to the appeal are valid and enforceable. This court denied leave to appeal and the U.S. Supreme Court denied *certiorari.* Any possible questions of validity as well as those of jurisdiction of the subject matter or person are thus settled and the result is binding upon the parties. With respect to defendant's assertions that he was deprived of his right to appear and be heard in the various proceedings in the trial court prior to the former appeal, it is sufficient to say that apparently no such questions were raised or passed upon in the appellate court. The rule is that no question which was raised or could have been raised in a prior appeal on the merits can be urged on subsequent appeal and those not raised are considered waived. (*People ex rel. White* v. *Busenhart,* 29 Ill.2d 156, 159; *Union Mutual Life*

*Ins. Co.* v. *Kirchoff,* 149 Ill. 536, 542.) The rule obtains when a question sought to be raised the second time around is of a constitutional nature. (*People ex rel. Maeras* v. *Chicago, Burlington and Quincy R.R. Co.,* 36 Ill.2d 585, 588.) In such a case it is presumed that appellant has no objections to urge against the record except those which have been presented and he will not be permitted to assign such errors on a second appeal. (*Jackson* v. *Glos,* 249 Ill. 388, 392-3.) A second appeal brings up nothing except proceedings subsequent to the remandment for the reason that a party will not be permitted to have his cause heard part at one time and the residue at another. (*Ogden* v. *Larrabee,* 70 Ill. 510, 513.) The conclusion is that any errors sought to be assigned by defendant in connection with any proceedings prior to the filing of the mandate after appeal will not be considered by this court. We therefore consider those alleged errors raised with reference to proceedings taken in the trial court thereafter.

The first appeal concerns the issuance of the contempt *mittimus* on March 24, 1969, the imprisonment of the defendant thereunder and the order for payment and discharge entered by the court on March 25th. It is plaintiff's position that in cases such as this involving multiple claims for relief an order which does not dispose of an entire proceeding is not final and appealable without an express finding by the trial court that there is no just reason for delaying enforcement or appeal. (See: Supreme Court Rule 304(a), 43 Ill.2d Rule 304.) It is urged that absent such an express finding in this case the appeal should be dismissed. There is authority, however, for the proposition that where an order is in effect specifically enforceable by use of the contempt process it is final and appealable whether or not there has been a finding pursuant to the rule. (*Hirsh* v. *Hirsh* (1967), 81 Ill. App. 2d 354, 358; *In re Estate of Sherwood* (1965), 56 Ill. App. 2d 334, 340; *Micelli* v. *Micelli* (1963), 45 Ill. App. 2d 159, 165.) This court has also recognized that ordi-

narily an adjudication in a contempt proceeding is final and appealable because it is an original special proceeding, collateral to, and independent of, the case in which the contempt arises where the imposition of the sanction does not directly affect the outcome of the principal action. (See: *People ex rel. General Motors Corp.* v. *Bua,* 37 Ill.2d 180, 189.) We hold, therefore, that failure of the court to make the finding in question does not preclude our consideration of the question sought to be raised.

The contempt *mittimus* was issued pursuant to the command of the order entered by the trial court on September 15, 1966, which was specifically affirmed and held valid on appeal. Upon filing of the mandate after appeal the clerk was performing a ministerial function in issuing the *mittimus*. The action was mandatory and did not involve the exercise of any discretion. The imprisonment of the defendant which followed did not constitute imprisonment for debt as prohibited by section 12 of article II of the Illinois constitution. (Ill. Const. art. 11, sec. 12; *Mesirow* v. *Mesirow,* 346 Ill. 219, 222; *Barclay* v. *Barclay,* 184 Ill. 375, 376.) In an effort to show that defendant was denied an opportunity to be heard on March 25th, after his imprisonment and that the demands he met were arbitrary and unreasonable, there is attached to defendant's brief as Appendix H the copy of an affidavit of defendant's counsel which purports to state what transpired on the date in question. This affidavit has never been filed in the trial court and is not part of the record on appeal. It cannot be considered by this court. (*Joyce* v. *Harding,* 208 Ill. 77; *Plotke* v. *Chicago Title and Trust Co.,* 175 Ill. 234, 236; *Pardridge* v. *Morgenthau,* 157 Ill. 395, 399.) As already indicated, the motion for refund filed by defendant on April 15th which alleged many violations of defendant's rights on March 25th was never set down for hearing and no ruling of the court was ever obtained thereon. Defendant does not dispute that the amounts paid were due under the terms of the prior orders of the

court assuming that the orders were valid as decided on appeal. There is therefore no basis in the record for a conclusion that defendant was denied the right to be heard as alleged or that any of his constitutional rights were violated by the proceedings taken on March 24th and March 25th, 1969.

The second appeal involves the orders entered on April 28, 1969. As to the order allowing supplemental attorney fees for services rendered by plaintiff's attorneys during the appeals, it should be observed that defendant's only defense to the motion was an objection to the jurisdiction of the court after a special and limited appearance. The contention made repeatedly by defendant that plaintiff was not the wife of defendant and therefore not entitled to the allowance was reasserted. The fact is that defendant's position in this respect is answered by the affirmance of the appellate court of the order of September 23, 1966, which was the original order allowing plaintiff alimony and attorney fees during the appeal. The disposition of this question of lack of marital status is inherent in the appellate court's decision. It could not legally be raised after remandment of the cause for reasons already stated. The assertion in defendant's brief that the order was entered "without any evidence, without any testimony, without any hearing and despite the absence of the defendant" is misleading to say the least. The order recites that defendant appears by his attorney; that evidence is presented on behalf of plaintiff; that defendant is requested to cross-examine the witnesses and present such evidence as he sees fit but that defendant refuses and elects to stand on his objection to the jurisdiction of the court. The record of proceedings in the trial court properly authenticated imports verity and is the sole conclusive and unimpeachable evidence of proceedings in the lower court. (*Spears* v. *Spears* (1963), 45 Ill. App. 2d 167, 171; *County Board of School Trustees* v. *Bendt* (1961), 30 Ill. App. 2d 329, 333; *McGurn* v. *Brotman* (1960), 25 Ill. App.

2d 294, 299.) The order for supplemental attorney fees is supported by the law and the evidence, was not obtained in violation of defendant's constitutional rights and should be affirmed.

The order to show cause for failure to pay equitable alimony as ordered on September 23, 1966, was not a final and appealable order. (*Spears* v. *Spears* (1963), 45 Ill. App. 2d 167, 170; *Atwater* v. *Atwater* (1962), 35 Ill. App. 2d 382.) However it is a valid order since it is based directly upon the order of September 23, 1966, affirmed in the prior appeal. As to the order regulating pleadings entered on the court's own motion it does not appear that an opportunity for a hearing on any pleading was denied or that it had the effect of precluding defendant from filing any pleading he wished to file. It is purely administrative in character and if it is to operate as a denial of due process as defendant claims that has not as yet been demonstrated. Without a finding as provided in Supreme Court Rule 304, the order is not final and appealable. As the record now stands we believe that the appeal as to this order should be dismissed.

Much of what has been said relative to the order of April 28th, allowing supplemental attorney fees, applies as well to the order of May 2, 1969, finding defendant in contempt for his wilful and contumacious refusal to pay alimony as ordered by the court on September 23, 1966. Again there is a special and limited appearance and an objection to the jurisdiction of the court without any defense on the merits. Claims of violation of the guaranty of due process are repelled by the record which shows that defendant failed to appear and failed to avail himself of the opportunity to testify concerning his circumstances and his ability to pay. The order is clearly supported by the evidence and its legality is established by the affirmance of the order of September 23, 1966. Due process is defined as an orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce

418

and protect his rights before a court having power to hear and determine the case. (*Seno* v. *Francke,* 20 Ill.2d 70, 74; *Orton Crane & Shovel Co.* v. *Federal Reserve Bank of Chicago,* 409 Ill. 285, 289.) Under this concept defendant's claims of violation of the right of due process are groundless.

Appeals from the order to show cause and the order regulating the pleadings entered on April 28, 1969, are dismissed. All other orders from which appeals have been taken in these consolidated cases are affirmed.

*Dismissed in part and affirmed in part.*

WARD and CULBERTSON, JJ., took no part in the consideration or decision of this case.