| 104 | 321 |
| 129 | 180 |

---

## DAVID GRAHAM *et al.*

### *v.*

### THE PEOPLE *ex rel.*

*Filed at Springfield September 28, 1882.*

APPEAL—*an office is not a franchise.* An office is not a franchise, within the meaning of the constitution and the statute prescribing the appellate jurisdiction of the Supreme and Appellate Courts. Therefore, an appeal does not lie directly to this court from a judgment of the circuit court, ousting a party from an office.

21—104 ILL.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. ALMON KIDDER, Mr. WM. C. NORCROSS, and Messrs. PEPPER & KIRKPATRICK, for the appellants.

Mr. JOHN W. MATTHEWS, State's Attorney, for the appellees.

Per CURIAM: This was an information in the nature of a *quo warranto,* filed in the circuit court of Warren county, to determine the question of title in the defendants to exercise the offices, one, of mayor, and the others, of aldermen, of the city of Monmouth. From a judgment of ouster against the defendants in the circuit court, they took this appeal directly to this court.

The appeal must be dismissed. It should have been taken to the Appellate Court. The only claim that there can be of a right of appeal directly to this court, must be upon the ground that a franchise is involved. In *Board of Trade* v. *The People,* 91 Ill. 80, we held that the right to membership in a private corporation was not a franchise, and in *The People* v. *Holtz et al.* 92 Ill. 426, that an office is not a franchise, within the meaning of the constitution and the statute prescribing the appellate jurisdiction of the Supreme and Appellate Courts, the office of school directors being the one there involved. And see *Chicago and Western Indiana R. R. Co.* v. *Dunbar,* 95 Ill. 571.

*Appeal dismissed.*