(No. 17284.—Cause transferred.)
THE PEOPLE *ex rel.* T. W. Hall, Appellant, *vs.* GEORGE
SWEAZEY, Appellee.

*Opinion filed April 23, 1926.*

APPEALS AND ERRORS—*the Supreme Court has no jurisdiction of
direct appeal in quo warranto questioning alderman's right to office.*
The Supreme Court has no jurisdiction to entertain a direct appeal
from a judgment in a *quo warranto* proceeding questioning the
right of the respondent to hold the office of alderman on the ground
that he had removed from the ward from which he was elected.

APPEAL from the Circuit Court of White county; the
Hon. JULIUS C. KERN, Judge, presiding.

JOE A. PEARCE, State's Attorney, and CHARLES T. RAN-
DOLPH, for appellant.

ROY E. PEARCE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Upon leave granted, the State's attorney of White
county filed an information in the nature of *quo warranto*
upon the relation of T. W. Hall, charging that George
Sweazey was elected in April, 1925, alderman of the third
ward of the city of Carmi, in said county; that he qualified
and entered upon the discharge of his duties as such alder-
man but on July 1, 1925, moved his residence to the second
ward of said city and continues to reside there; that he is
not a citizen or resident of the third ward. The prayer was
that respondent be required to answer and show by what
warrant he claims to hold and execute the duties of the office
of alderman of the third ward. Respondent filed a plea of
justification, setting up that he was duly elected and quali-
fied as alderman of the third ward in April, 1925; that he
has since that time continued to reside, and now resides,
in the third ward and has so resided there since 1917. A

trial was had before a jury and a verdict returned finding respondent not guilty of usurping the office of alderman. After overruling a motion for new trial the court rendered judgment on the verdict in favor of respondent and against relator for costs of suit. From that judgment relator has prosecuted this appeal.

That this court has no jurisdiction to entertain this appeal was decided in *Graham* v. *People,* 104 Ill. 321. The appeal should have been taken to the Appellate Court for the Fourth District. The cause will therefore be transferred to that court.

*Cause transferred.*