Daniel Irwin *et al.*

*v.*

Lewis M. Dyke *et al.*

*Filed at Springfield March 26, 1884.*

1. PARTITION BY PAROL—*confirmation in chancery.* Where two persons having bought a tract of land, each having an equal interest, make a verbal partition, dividing the premises equally, each taking possession of and using his part of the same, and no unfairness is shown, a decree confirming such partition after the death of one of the parties, is proper.

2. TRUST—*whether it exists.* Where a person buys land in his own name, and after his death his son sets up in defence of a partition between himself and another heir, that the legal title was held by the father in trust for him under a parol agreement, if the proof of the trust be such that the alleged trust could not have been enforced against the father in his life, it can not be as between the heirs. To enforce such an alleged trust against the other heir, it must be upon the clearest and most satisfactory evidence.

3. CROSS-BILL—*whether necessary.* Where a person dies holding the legal title to a tract of land, on bill for partition between his heirs at law, consisting of a son and daughter, the question whether the father acquired and held the legal title in trust for the son alone, can only be tried on cross-bill filed by the son, and it is error to give him the entire tract merely upon his answer claiming to be the sole owner of the equitable title. That is affirmative relief in the strictest sense, and can not be granted except on cross-bill.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. J. S. NEVILLE, for the appellants.

Messrs. FIFER & PHILLIPS, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was for partition, and was brought by Daniel Irwin and Narcissa Irwin, against Lewis M. Dyke and Sarah Dyke. It is alleged that complainant Daniel Irwin, and one Benjamin Dyke, now deceased, were the owners in

fee simple of two hundred acres of land, consisting of one quarter section and one quarter-quarter section, and that previous to his death, Benjamin Dyke and complainant Daniel Irwin made a verbal partition of their lands, by which Irwin got one hundred acres off the east side of the quarter section, and took actual possession, and has continued in possession ever since; that Benjamin Dyke died intestate, leaving him surviving Sarah Dyke, his widow, and Narcissa Irwin and Lewis M. Dyke, his children and only heirs at law, and that Narcissa Irwin and Lewis M. Dyke are each entitled, as heirs at law of Benjamin Dyke, deceased, to an undivided half of the other one hundred acres, subject to the dower of Sarah Dyke.    Other facts in regard to the payments made upon the lands by the respective parties, and the sum remaining unpaid, are stated in the bill, but it is not necessary to the present decision to state them.    Sarah Dyke filed her separate answer, and admits the purchase of the lands by Daniel Irwin and Benjamin Dyke, as alleged, but denies that Benjamin Dyke was the real owner of such lands, and avers the land was bought for Lewis M. Dyke, and that he was placed in possession of the same, and disclaims any right of dower in such land.    Lewis M. Dyke, by his separate answer, admits that Benjamin Dyke, since deceased, held the legal title to the lands described in the bill as having come to Narcissa Irwin and himself, as heirs at law of the intestate, and alleges he was not the real owner, but held the legal title in trust for him.    Other matters are also stated in the answer, many of which are not material to the decision to be rendered.

The object of the bill seems to be three-fold: First, to have the verbal partition of the lands, as made by the parties in interest, confirmed and established; second, to adjust the equities between the parties as to the payments on the land, and as to the sum remaining unpaid; and third, to have a partition of the other half of the lands of which Benjamin

34—109 ILL.

Dyke died seized, made between his heirs at law, Narcissa Irwin and Lewis M. Dyke. It seems to be conceded the verbal partition of the lands was fairly made, and no objection is interposed to having it confirmed, as was done by the decree, nor is any serious objection urged in this court to the decree so far as it adjusts the equities between the parties in interest as to payments made and to be made. The contention is as to whether partition of the one hundred acres of which Benjamin Dyke died seized, shall be made between his son and daughter, who constitute his only heirs at law. As the decree is now to be reversed for another cause, the sufficiency of the evidence to sustain the claim of ownership put forth by Lewis M. Dyke to the entire one hundred acres of which the intestate, in his lifetime, held the legal title, will not now be discussed, further than to say the evidence is not of the most satisfactory character. It leaves on the mind very grave doubts, if the contract between the father and the son was as it is alleged in the answer to be, whether it could have been enforced against the father in his lifetime; and if it could not have been enforced against him, it certainly could not be enforced against his heirs since his death. The daughter ought not to be divested of her inheritance except upon the clearest and most satisfactory evidence, and that issue can only be tried on a cross-bill, when the burden of proof will rest on the heir claiming the entire estate. It is conceded the ancestor of the heirs claiming the lands was seized of the legal title at the time of his death, and of course that title came to his heirs, and vested in them. Unless divested by decree of court, each heir would take an equal share as an absolute estate. The decree provides that Narcissa Irwin "take no part in said land." Although very inartificially drawn in this respect, the effect of the decree perhaps would be to divest Mrs. Irwin of her legal title to the lands of which her father died seized. That is affirmative relief in the strictest sense, and in no event could be granted except

upon cross-bill.    The practice in this regard is so well settled
by the previous decisions of this court, it is not necessary to
cite cases in its support.

The decree of the circuit court will be reversed, and the
cause remanded.

*Decree reversed.*