GEORGE E. COX

*v.*

WALTER A. SPURGIN.

*Opinion filed June 23, 1904.*

1. JUSTICES OF THE PEACE—*justices of the peace have but limited jurisdiction.* Justices of the peace can exercise no powers other than those conferred by statute, and if they assume jurisdiction in cases not so authorized their acts are void.

2. SAME—*justice cannot issue transcript on judgment for fine in criminal case.* Section 7 of article 18 of the Justices and Constables act of 1895, (Laws of 1895, p. 223,) providing that execution may issue upon a judgment imposing a fine, "and proceedings may be had thereon as upon other executions," does not authorize the filing of a transcript as in civil cases to create a lien upon real estate.

3. TENDER—*when tender is unnecessary.* Tender by the defendant in partition is not necessary to his right to have the complainant's deed removed as a cloud, where such deed is based upon a void transcript, execution, sale and deed, the transcript having been issued upon a judgment of a justice of the peace imposing a fine.

4. PLEADING—*when cross-bill is properly filed.* If the defendant in a partition proceeding seeks to have complainant's deed removed as a cloud, it is proper to file a cross-bill praying for such relief.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

The complainant, George E. Cox, filed his bill in the superior court of Cook county against defendant, Walter A. Spurgin, for the partition of certain real estate situ-

ated in that county. The facts appearing from the bill are as follows: The premises in question were acquired and owned by one John Spurgin and wife, who resided in Warren county, Illinois, each owning an undivided one-half interest therein. In October, 1899, John Spurgin was fined by a justice of the peace of said county for a violation of the statute against allowing animals to run at large. An execution was issued upon the judgment by the justice and returned "no property found and no part satisfied." A transcript was issued by the justice on October 12, 1901, and filed in the office of the clerk of the circuit court of that county, and on the same date the clerk issued an execution thereon directed to the sheriff of 'Cook county, who thereupon levied the same upon the interest of said John Spurgin in the premises in question, situated in Cook county, and on October 30, 1901, sold the same for $122.53. No redemption was made from that sale, and on March 9, 1903, the sheriff issued a deed to one James H. Hanna, the holder of the certificate of purchase, and on May 16, 1903, the latter conveyed the premises by warranty deed to the complainant, George E. Cox. Thereafter, on August 19, 1903, John Spurgin and wife, by quit-claim deed, conveyed all of said premises to defendant, Walter A. Spurgin, and on November 2, 1903, the complainant, Cox, filed this bill for partition, alleging that he was the owner of one-half of the premises and the defendant was the owner of the other half. A cross-bill was filed by the defendant, in which he alleged that the sale of the interest of John Spurgin, as made by the sheriff of Cook county, was illegal and void; that the transcript filed by the justice with the clerk of the circuit court of Warren county was without authority of law; that the complainant acquired no title to the undivided one-half of the said premises by said sheriff's deed; that the defendant was the owner of the whole of the said premises, and prayed that the sale made by the sheriff of Cook county be declared null and void and his

deed of conveyance canceled. To the cross-bill the complainant filed a demurrer, both general and special, and later an amended demurrer, also general and special, setting out specifically, among other things, that the defendant was not entitled to the relief as prayed in his cross-bill by reason of his failure to tender to complainant the amount of the judgment against complainant's grantor, and that the cross-bill of defendant attempted to attack collaterally a valid judgment. The demurrer, on hearing, was overruled, and the complainant having elected to stand by the same, the court entered a decree finding that complainant was not entitled to partition, as prayed in his bill; that the execution issued on the transcript, and all proceedings thereunder, were void; that defendant was the owner of the entire premises; that the deed to complainant should be set aside as a cloud on the title of defendant; that complainant deliver up said deed to be canceled and pay the costs of suit. From that decree complainant prayed, and now prosecutes, this appeal.

HAMILTON & HAMILTON, (JOHN HANLEY, of counsel,) for appellant.

WILLIAM K. PATTISON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The principal question raised in this court is as to the power of the justice of the peace to issue the transcript upon which the execution was issued to the sheriff of Cook county. Chapter 79 of our statutes, entitled "Justices and Constables," under which John Spurgin was fined, was passed in 1895, and is divided into two parts, the first relating to the jurisdiction of justices of the peace in civil cases, and the second to their jurisdiction in criminal cases. Section 124, relative to civil cases, provides, in substance, that the personal property of every defendant in a judgment before a justice of the

peace, not exempt from execution, shall be bound for the payment of such judgment from the delivery of the execution issued thereon to the constable, and the real estate shall be bound from the date of the filing of the transcript of the judgment in the clerk's office. Section 135, also relative to civil jurisdiction, provides that when, by the return of the execution first issued, it shall appear that the defendant has no personal property sufficient to satisfy the judgment and costs within the county in which the judgment was rendered and it is desired by the plaintiff to have the same levied on real property in that or any other county, it shall be lawful for the justice to certify to the clerk of the circuit court of the county in which said judgment was rendered, a transcript, which shall be filed by the said clerk, and the judgment shall thenceforward have all the effect of a judgment of the said court, and execution shall issue thereon out of that court as in other cases. Section 170, relating to the criminal jurisdiction of justices of the peace, provides, among other things, that upon the rendition of a judgment imposing a fine, the justice shall, except as otherwise provided, issue execution against the goods and chattels of the defendant for the fine and costs, which may be levied upon any personal property of the defendant not exempt from execution, and proceedings may be had thereon as upon other executions. It is insisted by appellant that the last words of this paragraph, "and proceedings may be had thereon as upon other executions," mean that the proceedings shall be the same as authorized by section 135,—that is, that the justice has the power to file a transcript in the office of the clerk of the circuit court, and that upon the issuing of an execution the same may be levied upon the real estate of the defendant.

Justices of the peace in this State have only limited jurisdiction. They have and can exercise no powers other than those conferred by statute, and if they assume jurisdiction in cases not so authorized, their acts

are null and void. (*White* v. *Wagar*, 185 Ill. 195, and cases cited.) All acts creating courts of limited jurisdiction are to be strictly construed, and the powers of such courts will not be extended, by implication, further than is necessary for the exercise of the jurisdiction expressly conferred upon them. (26 Am. & Eng. Ency. of Law,— 2d ed.—p. 270.) Under this rule, the words "and proceedings may be had thereon as upon other executions," do not empower justices of the peace to file transcripts in criminal cases, but simply mean that the proceedings upon execution issued in criminal cases shall be the same as upon the first execution issued in civil cases,— in other words, that the return, levy, sale, etc., shall be the same as upon other executions. This construction is fortified by section 171 of the act, which provides: "If the constable shall return upon such execution that the defendant has no goods and chattels whereof to make the money, the justice shall issue a *capias* against the body of the defendant and the constable arrest such person and commit him to the jail of the county, there to remain forty-eight hours, and if the fine exceed $10, then to remain in said jail twenty-four hours for every $5 over and above the said $10, and so on in proportion to the amount of said fine." This provision for the arrest and imprisonment of the defendant on the return of the execution *nulla bona* shows that it was not intended by the statute that a transcript should issue as in civil cases. Conceding all that is said by counsel for the appellant as to this construction enabling a person having no personal property, but ample real estate, to escape the payment of a fine, the remedy must be with the legislature, and not in the courts, to enlarge the language conferring the limited jurisdiction upon justices of the peace. It can hardly be presumed, however, that a prisoner with available real property out of which to pay a fine would suffer imprisonment rather than to pay the same.

It is again insisted that appellee should have been required, under his cross-bill, to tender the amount paid at the sheriff's sale to satisfy the judgment against John Spurgin, and that the cross-bill, as filed, was a collateral attack upon a valid judgment. As we have before said, the transcript, execution, sale and deed were each null and void, issued without power or authority, and therefore the appellee was under no duty to tender the amount of said judgment. The cross-bill in no sense was an attack upon the judgment of the justice of the peace, but simply sought to remove a cloud upon the ·title· of complainant therein under the void proceedings . upon the transcript. The amount of the judgment paid to the sheriff at the time of the sale was not paid by the appellant, but by the purchaser, and for that reason, as well as because the proceedings were void, no tender of the purchase price was necessary. *Langlois* v. *Cameron*, 201 Ill. 301.

It is finally contended that the cross-bill was improperly filed, the court having jurisdiction over the subject matter and the parties under the original bill and answer. It is sufficient to say in reply to this position, that appellee by his cross-bill sought affirmative relief, praying that the deeds from the sheriff to Hanna and from him to appellant be set aside. It is a general rule of equity pleading that when the defendant seeks affirmative relief he must do so by cross-bill, and we see no reason for holding this is an exception to the general rule. *Irwin* v. *Dyke*, 109 Ill. 528; *Anderson* v. *Henderson*, 124 id. 164.

We are of the opinion that the decree of the superior court is in conformity with the law of the case, and it will accordingly be affirmed.                    *Decree affirmed.*