(No. 30250.

LEO JOHN DINOFFRIA *et al.*, Defendant in Error, *vs.* INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND CHAUFFEURS LOCAL UNION No. 179 *et al.*, Plaintiffs in Error.

*Opinion filed January 22, 1948—Rehearing denied March 11, 1948.*

WALTER F. DODD, and FRED HERZOG, both of Chicago, and FRANCIS A. DUNN, of Joliet, for plaintiffs in error.

RAYMOND J. HARVEY, of Joliet, and SAMUEL SAXON, of Plainfield, for defendants in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

Defendants in error, Leo John Dinoffria and Frances, his wife, and John Clementi and Mary, his wife, who are the owners and self-operators of two gasoline stations located in the city of Joliet, Illinois, filed in the circuit court of Will County a complaint against plaintiffs in error, Local No. 179 of the International Brotherhood of Teamsters and Chauffeurs, hereinafter referred to as the Union, its secretary-treasurer Virgil Floyd, and others. The Union had sought to induce defendants in error to join their organization and when they refused the Union instructed its member-drivers, who were delivering gasoline and petroleum products in bulk to defendants in error, to cease deliveries. There are involved in this case two gasoline stations, one operated by the Dinoffrias and the other by the Clem-

entis. As a result, defendants in error were unable to continue their business. These proceedings resulted. Defendants in error's complaint alleges that the Union and its agent had committed unlawful acts in suppressing deliveries of gasoline and petroleum products and sought to have them restrained from committing the acts enumerated in the complaint. After a hearing the trial court ruled there was a failure of proof, found that the conduct sought to be restrained was not unlawful, denied the injunction and dismissed the complaint for want of equity. Defendants in error then took an appeal to the Appellate Court, limiting the appeal, in the notice thereof, to a prayer for judgment for damages and for an injunction preventing the plaintiffs in error from interfering with the deliveries of gasoline and petroleum products to the defendants in error at their places of business.

The Appellate Court reversed the finding of the trial court and held that the purpose of the Union in stopping gasoline deliveries was unlawful; that the manner in which it sought to induce defendants in error to join the Union was unlawful; that the Union was liable for damages and should be enjoined, both temporarily and permanently, from interfering with the deliveries of gasoline and other petroleum products to defendants in error's places of business, or otherwise interfering with their businesses.

The Union has sued out this writ of error to review the judgment of the Appellate Court, contending that the opinion of that court was based on a constitutional question of freedom of speech in relation to the organization of self-employers by unions, and that this subject exceeded the jurisdiction of the Appellate Court.

Where the Appellate Court passes upon a constitutional question by injecting it into the cause for the first time in its opinion, we have held that the failure on the part of the parties to anticipate the entry of a judgment in excess of the court's jurisdiction cannot be regarded as estopping

such parties from urging objections, based on constitutional grounds, to the jurisdiction of that court. An objection to the power of the court to enter a judgment, inasmuch as it goes to the jurisdiction of the court, can be raised at any time after judgment is entered. (*Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155; *Toman* v. *Park Castles Apartment Building Corp.* 375 Ill. 293.) The right of this court to review the constitutional question first arising when the judgment of the Appellate Court is entered is well settled, even though the questions arising thereon are not raised in that court. (*Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155; *Goodrich* v. *Sprague,* 376 Ill. 80.) Such a judgment is *coram non judice* and is ineffectual for any purpose, but on review thereof this court will assume and retain jurisdiction of the cause. *People ex rel. First Nat. Bank* v. *Kingery,* 368 Ill. 205.

The first question before us then is whether the Appellate Court passed on the issue of freedom of speech in such a manner as will cause this court to retain jurisdiction of this writ of error. A complete statement of facts will be found in the Appellate Court's opinion, (331 Ill. App. 129,) and need not be repeated here. In its opinion the Appellate Court said: "The primary issue confronting this Appellate Court is whether the conduct of the defendant union in instructing its members not to make deliveries of gasoline to the plaintiffs, who are self-employers and hire no employees, on the sole ground that plaintiffs refuse to join the union, is unlawful and should be restrained by injunctive process and defendants be made to pay damages for the loss occasioned by their conduct." The Appellate Court, in the course of the opinion, stated: "In no case, however, has the court sanctioned, or been called upon to approve peaceful picketing or boycotting or other conduct of a labor union where it has been directed against a self employer who hires no employees, as in the instant case." The opinion also reviews the rulings of this court and of

the United States Supreme Court holding that it was a constitutional guarantee of freedom of speech which justifies and insures to workingmen the right of peaceful picketing as a means of communicating their complaint where the subject matter of the dispute contains elements of common interest.

Plaintiffs in error contend that these remarks of the court just quoted indicate that the Appellate Court decided the issue of freedom of speech in its opinion. There is no elaboration of that point, however.

We have examined the opinion of the Appellate Court and find no basis for plaintiffs in error's contention. That court discusses the objective sought by the Union in attempting to enroll the defendants in error as members of the Union, and discusses certain cases decided by this court holding that the constitutional guarantee of freedom of speech justifies and insures to workingmen the right of peaceful picketing as a means of communicating their complaint "where the subject matter of the dispute contains the element of common interest." The court then reviews the situation of the parties in this case and concludes that there was no common interest or economic interdependence between them, and that the Union had no legitimate objective in seeking defendants in error's membership in the Union.

It does not appear that the right of the Union to advise the public of any complaint it may have enters into the case, for the facts show there was no picketing, nor did the relief sought by defendants in error on appeal seek to prevent picketing. In this portion of the opinion the Appellate Court found only that there was no common or interdependent economic interest, and so holding could not have denied or engaged in the interpretation of a constitutional right that exists where there is a common interest. The Appellate Court specifically states that there is no common interest and that the Union's conduct could not be protected by freedom of speech. The issue as to whether the Union's

activity here was protected by the constitutional guarantee was not raised by the pleadings in the Appellate Court, leaving the court to decide simply whether there was a common interest. It held there was not, and the only question open to the Union for review is whether that finding of the court is correct. It is not enough to give this court jurisdiction to contend only that one will be deprived of a constitutional right because of the erroneous judgment of the lower court. *People ex rel. Tinkoff* v. *Northwestern University,* 396 Ill. 233; *De La Cour* v. *De La Cour,* 363 Ill. 545.

The second portion of the Appellate Court's opinion is the determination of whether the means employed by the Union in soliciting membership fell within the area of permissible conduct defined by the courts. It is there pointed out that peaceful picketing, done for a legitimate purpose, is permissible as a proper exercise of free speech. There was no picketing in this case and defendants in error did not appeal from the trial court's refusal to enjoin their picketing. An agent of the Union solicited Frances Dinoffria for membership and when she replied that they—meaning her husband herself—did not have to join, the agent stated, "Oh yes, you do," and left. Following the refusal of the defendants in error to join the Union, the Union agent instructed its members who delivered gasoline to the Dinoffrias and the Clementis, to make no further deliveries. As a result the businesses could not be carried on. The court interpreted the language of the agent as being an implied threat and thus coercive and unlawful. The action in stopping the deliveries was construed as an unlawful secondary boycott. However, here again the court was not called upon to make, nor did it make, any interpretation or adjudication of the Union's right of free speech as against the rights of defendants in error and their property. The Appellate Court held merely that, based on past authority, the acts of the Union were unlawful, and, as shown

by the facts, did not lie within the scope of conduct protected by the courts. It will be observed that the Union had not sought to invoke the right of free speech as justification for its acts, and the Appellate Court was called upon only to determine whether the means employed by the Union were lawful. Thus the opinion of the Appellate Court finds that the objective of the Union in seeking to unionize self-employers, and the means employed, did not come within the scope of conduct approved by former holdings. It was not called upon to decide whether the Union could be protected in its right of free speech, nor are there any facts which show that the principle was even involved in the cause.

Hours of labor or working conditions were not involved. Nothing in the record indicates any attempt on the part of the defendants in error to change or in any way affect the hours of labor of the Teamsters and Chauffeurs Union, or their working conditions. Their business was to drive trucks and make deliveries. There was no evidence of any attempt on the part of defendants in error to get deliveries of gasoline or petroleum products in any other manner or by any means other than during the hours and by the means established and followed by the Union. There is no claim that the business of the members of the Union was being interfered with nor in any way subjected to competition. The claim that plaintiffs in error had a right, as a part of the purposes of their Union, to induce defendants in error to enter into contracts with them, regulating hours or conditions of defendants in error's sales, does not raise a constitutional question. The contract they requested defendants in error to sign had to do with the business of selling the oil and petroleum commodities. The constitutional protection of freedom of speech was not involved. We do not pass upon the question whether the judgment of the Appellate Court was right or wrong. This inquiry is directed to the question whether there is involved in the

Appellate Court's decision and opinion the determination of a constitutional basis for a writ of error. We find there is not. The finding of the Appellate Court that the purpose of the Union in stopping deliveries of gasoline was unlawful and malevolent was an issue of fact and such finding does not raise a constitutional question. The decision of the Appellate Court was that plaintiffs in error should be enjoined from interfering with the deliveries of gasoline and other petroleum products to defendants in error's places of business and from otherwise interfering with said businesses.

The Union's effort now to justify its conduct as privileged conduct comes too late. Having examined the pleadings and proof and the opinion of the Appellate Court, we are of the opinion that the Union's contention that that court exceeded its jurisdiction is not substantiated. Plaintiffs in error's remedy then was to seek leave to appeal to this court. There being no ground presented by which this court will take and retain jurisdiction of a writ of error, the writ of error is dismissed.

*Writ of error dismissed.*