(No. 35789.—)
GEORGE KAYE, Appellant, *vs.* ELEANOR KREMER *et al.,*
Appellees.

*Opinion filed September 29, 1960.*

Robert B. Johnstone, of Chicago, for appellant.

Arthur S. Bluestein, of Chicago, *pro se,* and Makovsky, Comerford, Giliberto & Propp, of Chicago, (Eugene Propp, of counsel,) for other appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

George Kaye filed a complaint in the superior court of Cook County against Eleanor Kremer and others for false arrest and malicious prosecution. Plaintiff demanded a jury trial. Defendants answered, denying the allegations of the complaint. Several years later three of the defendants were

granted leave to withdraw their answer, and moved to dismiss the cause under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 48) on the ground that the claim had been released. After considering affidavits, exhibits and evidence thereon, the court granted the motion and dismissed the action with prejudice. On appeal by the plaintiff the Appellate Court affirmed. (*Kaye* v. *Kremer,* 23 Ill. App. 2d 506.) Plaintiff seeks further review by appeal to this court as a matter of right, on the theory that a constitutional question arose for the first time in the Appellate Court.

Paragraph (1) of section 48 provides that a defendant may file a motion for dismissal of the action or for other appropriate relief upon the ground, among others, that the claim or demand set forth in the plaintiff's pleading has been released (Ill. Rev. Stat. 1957, chap. 110, par. 48(1)(f).) Paragraph (3) of section 48 reads as follows: "If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or many deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one at law and a jury demand has been filed by the opposite party in apt time." (Ill. Rev. Stat. 1957, chap. 110, 48(3).)

In opposition to defendants' motion in the trial court plaintiff filed counteraffidavits setting forth that the release was not delivered to defendants, that it was executed under duress, that the consideration therefor was grossly inadequate, and that plaintiff did not intend to release the cause of action. The judgment order from which appeal was taken to the Appellate Court recited that the court con-

sidered evidence on the motion, but no transcript of the testimony was included in the record on appeal. In the Appellate Court the plaintiff assigned as error that the superior court improperly allowed defendants to withdraw their answer; and that in hearing evidence on the motion, concerning validity and effect of the release, the court deprived plaintiff of his right to a jury trial. The Appellate Court decided that as to the first contention the trial court did not abuse its discretion in permitting withdrawal of the answer. As to the second objection, it was held that under section 48 the trial court is authorized to hear evidence to determine whether there is a material and genuine issue of fact, and that since plaintiff failed to provide a report of proceedings it must be presumed that the ruling was supported thereby.

To sustain his position that this court has jurisdiction, plaintiff says the Appellate Court based its judgment upon two propositions: (1) that section 48 permits a trial court to hear evidence in determining whether a disputed issue of fact exists, even though a jury demand has been filed; and (2) that in the absence of a report of proceedings preserving the evidence, the judgment is presumed to have support in the evidence. It is urged that these propositions involve constitutional questions arising for the first time in the Appellate Court. We cannot agree. It is plain that even if a constitutional question were present in this case it arose in the trial court and not on the appeal. The Appellate Court reviewed the cause on the record before it, and entered judgment affirming the superior court. That judgment itself does not bring into dispute the validity of section 48, nor does it raise any other constitutional question. It is well settled that jurisdiction of this court is based only on constitutional issues necessarily presented by the Appellate Court's judgment. It is not enough that constitutional questions may be suggested by the reasoning which influenced the court in reaching its decision. *Biagi*

v. *O'Connor*, 18 Ill.2d 238; *Kamienski* v. *Bluebird Air Service, Inc.*, 389 Ill. 462.

In the *Kamienski case* a complaint for damages from an airplane accident contained two counts, one based on negligent operation by the pilot and the other upon an alleged violation of certain Federal regulations. Plaintiff introduced no evidence to support the second count, and at the close of his evidence a verdict for defendant was directed as to that count. On defendant's appeal from a judgment recovered by the plaintiff under the first count the Appellate Court affirmed, after considering the entire evidence including evidence offered by defendant tending to show compliance with the regulations. Defendant then sued out a writ of error in this court, claiming that by considering the evidence offered as to the count which had been dismissed the Appellate Court deprived defendant of due process and improperly exercised original jurisdiction. This court dismissed the writ of error for lack of jurisdiction. In holding that the Appellate Court's action in reviewing the judgment did not raise a constitutional issue, we said: "If the Appellate Court found that the only count in the complaint was not sustained by the evidence, yet affirmed the judgment, such might be assigned as error, but such a holding does not raise a constitutional question for the first time in the Appellate Court."

In this case the Appellate Court's holding, that in the absence of a report of proceedings the order is presumed to have support in the evidence, does not present a constitutional question. Nor is such a question raised by the decision that under section 48(3) the superior court had the right to hear evidence in determining whether there was a material and genuine issue of fact. The only question involved in such cases is the correctness or validity of the Appellate Court judgment. Where a judgment is attacked only on the ground that its enforcement will violate some constitutional right, such as the right of trial by jury,

there is no constitutional question raised to warrant an appeal to this court as a matter of right. (See *Perlman* v. *Thomas Paper Stock Co.*, 378 Ill. 238.) A constitutional question is not raised by the fact that the Appellate Court may have misconstrued the law or committed an error for which its judgment should be reversed. *Compass Sales Corp.* v. *National Mineral Co.*, 388 Ill. 281.

This case is similar in some respects to *Saxmann* v. *Allen*, 410 Ill. 31, where direct appeal from a summary judgment was sought on the theory that a constitutional question was raised in the trial court. Appellants in that case asserted that they were denied their constitutional right of trial by jury because the court entered a summary judgment when the affidavits of the parties had raised controverted issues of fact. In holding that no jurisdiction was present on direct appeal, we observed: "The only dispute here is whether the affidavits raise an issue of fact which should have been tried by a jury, and that is not a constitutional question."

The only question raised by the Appellate Court's judgment is whether that court erred in construing and applying the law. Since no constitutional question arose for the first time in the Appellate Court, we are without jurisdiction. The appeal is therefore dismissed.

*Appeal dismissed.*