The People of the State of Illinois ex rel. Frank H. Masters, Jr., State's Attorney in and for Will County, Illinois, Petitioner-Appellee, v. Robert R. Buchar and George E. Sangmeister, Respondents-Appellants.

Gen. No. 11,577.

Second District, First Division.

July 2, 1962.

John F. Cirricione of Joliet, and Anton B. Mutz, of Joliet, for appellants.

Frank H. Masters, Jr., State's Attorney, and Bert G. Engelman, Assistant State's Attorney, of Joliet, Daniel P. Ward (amicus curiae) State's Attorney, and Wm. G. Clark, Attorney General (amicus curiae), of Chicago, and Basil G. Greanias, of Macon County, Decatur, for appellee.

McNEAL, J.

The People of the State of Illinois on the relation of the State's Attorney of Will County filed a petition in the Circuit Court of Will County against the respondents, Robert R. Buchar and George E. Sang-

meister, for a writ of mandamus. Petitioner alleged that respondents were justices of the peace of the Second Justice District in Will County; that on June 8, 1961, the State's Attorney tendered twenty-five cases at law to each of the justices for docketing and issuance of summons; that the cases were actions in debt for the collection of delinquent personal property taxes due from several named defendants, and were tendered in the name of the People of the State of Illinois ex rel. Will County Board of Supervisors; and that the justices refused to docket the cases and refused to issue summons against the defendants named.

■ In their answer respondents admitted all allegations in the petition and alleged that they are without jurisdiction and that there is no basis in law for instituting the type of suits proposed by the State's Attorney, in justice courts. The cause was heard on the petition and answer and stipulated facts. According to the stipulation the amount claimed in each case did not exceed $1000 and all of the delinquent taxpayers appear to be residents of Will County. The trial court found and adjudged that respondents have jurisdiction over delinquent personal property tax cases involving amounts within their statutory jurisdictional limits. The court granted the petition and ordered issuance of a writ of mandamus directing and commanding the justices to docket and hear any and all such delinquent personal property tax cases and to issue summons in each case so tendered by the State's Attorney. Respondents appealed.

Upon careful consideration of appellants' and appellee's briefs and arguments, we concluded that the respondent-justices had no jurisdiction in proceedings for collection of taxes, and reversed the judgment of the circuit court. The State's Attorney of Will County then filed a petition for rehearing and the State's At-

240

torney of Cook County and the State's Attorney of Macon County filed petitions for leave to appear as amicus curiae. All of these petitions were granted.

 Appellants answered the petition for rehearing and pending decision thereon the Attorney General of Illinois filed a motion and suggestions that "this Court vacate its judgment and opinion and transfer this case to the Supreme Court of Illinois, this court having decided a constitutional question and this case being one that involves the public revenue." The Attorney General refers to sections 75 and 86 of the Civil Practice Act. Section 75 requires that appeals be taken directly to the Supreme Court in all cases in which construction of the constitution is involved, and section 86 imposes a duty upon us to transfer to the proper court any appeal wrongly appealed to this court. The General contends that our want of jurisdiction may be urged at any time and cannot be waived. With these references and contentions we fully agree.

The Attorney General also contends that "it suffices for the exclusive jurisdiction of the Supreme Court of Illinois of the appellate review that the case is one 'relating' to revenue. It is not necessary that the suit be brought for and in that sense directly 'involve' the public revenue. It is sufficient that the case is one 'relating to revenue.' " To the contrary the Supreme Court said in People v. Village of Midlothian, 370 Ill 223, 225, 18 NE2d 233: "We have definitely held that in order to give this court jurisdiction of a direct appeal the cause must directly relate to the revenue and not merely incidentally or remotely. . . . Our original jurisdiction in mandamus proceedings does not change the rule. . . . The cause here is not between a taxing body and anyone from whom the tax is demanded . . . and the cause is transferred to the Appellate Court." The General refers to People ex rel. Holland Coal Co. v. Isaacs, 22 Ill2d 477, 176 NE2d 889, as authority for the

241

proposition that a writ of mandamus concerning the assessment of taxes supports a direct appeal to the Supreme Court even though a judgment will not impose any tax on any party to the suit. In that case it appears that the Coal Company was an Illinois corporation and responsible to Director of Revenue Isaacs for collection of retailers' occupational taxes, that the Court took jurisdiction because the revenue and the constitutionality of statutes were involved, and that the Court expressly refrained from remanding the cause for issuance of a writ of mandamus. The decision in the Holland Coal Company case in no way affects the Court's definite holding in the Midlothian case.

 In general, before the Supreme Court will take jurisdiction of a constitutional question, it must appear that the question was urged and ruled on in the trial court, and that such ruling has been preserved in the record. But where the judgment of an Appellate Court raises a constitutional question for the first time, the Supreme Court has jurisdiction to review the case. Dinoffria v. Brotherhood of Teamsters, 399 Ill 304, 306, 77 NE2d 661. However "construction of the constitution" does not include the mere presence of constitutional questions, or violation of constitutional provisions, or review of propositions already settled, or construction of a constitutional provision whose main lines have already been drawn (Fulford v. O'Connor, 3 Ill2d 490, 494, 121 NE2d 767), nor questions suggested by the reasons which may have led an Appellate Court to its decision. Biagi v. O'Connor, 18 Ill2d 238, 240, 163 NE2d 461; Kaye v. Kremer, 20 Ill2d 148, 151, 169 NE2d 357. Further, it is well settled that unless the question is fairly debatable, the Supreme Court will not assume jurisdiction on the ground that a constitutional question is involved. Seno v. Franke, 20 Ill2d 70, 74, 169 NE2d 335; Betts v. Village of Calumet Park, 20 Ill2d 524, 525, 170 NE2d 563.

242

 In our opinion the "main lines" of any constitutional provision involved here have already been drawn. This appeal presents no fairly debatable question concerning the construction of any such provision, and none has been suggested by either the Attorney General or any of the State's Attorneys appearing in this court. This case does not directly relate to the revenue, as defined by the Supreme Court in the Midlothian case. Tempting as the inclination may be to transfer this case to the Supreme Court rather than to decide it, we have no authority to do so unless we find that the case was wrongly appealed to this court or that our judgment involves construction of the constitution. We cannot so find. The Attorney General's motion to transfer is denied and disposition of this appeal on its merits follows.

 Justices of the peace in this State have only limited jurisdiction. They have and can exercise no powers other than those conferred by statute, and if they assume jurisdiction in cases not so authorized, their acts are null and void. White v. Wagar, 185 Ill 195, 201, 57 NE 26. All acts creating courts of limited jurisdiction are to be strictly construed, and the powers of such courts will not be extended by implication further than is necessary for the exercise of the jurisdiction expressly conferred upon them. Cox v. Spurgin, 210 Ill 398, 402, 71 NE 456.

The State's Attorney of Will County contends that respondents are empowered to exercise jurisdiction over the tendered cases by the following portions of section 1, Article II of "An Act to revise the law in relation to justices of the peace and constables," approved June 26, 1895, as amended (Ill Rev Stats 1959, c 79, § 16):

> "Justices of the peace have jurisdiction in their respective counties in the following actions, when the amount claimed does not exceed $1000. . . .

Sixth—For damages for fraud in the sale, purchase or exchange of personal property, and where the action of debt or assumpsit lies. . . .

Tenth—By and against incorporated towns, cities, village(s) or other municipal corporations, which if brought by an individual, might be brought before a justice of the peace. . . ."

■■■■■■ It has long been held that a delinquent personal property tax is a personal liability which can be collected in an action of debt. People v. Holmstrom, 8 Ill2d 401, 406, 134 NE2d 246; People v. Chicago & N. W. Ry. Co., 322 Ill 150, 155, 152 NE 575. See also: People v. Calumet Steel Co., 355 Ill 375, 189 NE 305; People v. Thompson, 295 Ill 187, 129 NE 155. In People v. Dummer, 274 Ill 637, 113 NE 934, the Supreme Court held that a suit for taxes is not an action on a contract express or implied, and therefore not within the jurisdiction of the municipal court of Chicago. At p 646 the Court referred to its earlier decisions holding that an action of debt is an appropriate remedy for collection of taxes on personal property, and to section 230 of the Revenue Act which then provided that the county board might institute an action of debt in the name of the People of the State of Illinois, in any court of competent jurisdiction, for the recovery of any personal property tax. From these decisions we conclude that debt is an appropriate form of action for collection of delinquent personal property taxes. In a suit before a justice, however, the action is what the proof makes it, regardless of the name which the plaintiff or the justice may give it (Vincent v. Riling, 168 Ill App 445, 447), and the State's Attorneys refer to no decision authority for the proposition that a justice of the peace is a court of competent jurisdiction, or that a justice has jurisdiction of proceedings for collection of taxes.

Respondent-justices contend that they have no jurisdiction over representative actions or over the person of the petitioner, and that section 18 of Article VI of the Illinois Constitution specifically confers jurisdiction on county courts in all proceedings for the collection of taxes. This section reads in part: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, . . . and in proceedings for the collection of taxes and assessments, and such other jurisdiction as may be provided for by general law."

In Bley v. Luebeck, 377 Ill 50, 59, 35 NE2d 334, the Supreme Court said, "By section 18 of article 6 of the Constitution original probate jurisdiction is vested in the county courts, and by section 20 of the same article, in counties of more than 50,000 population, in probate courts. We have repeatedly held that the circuit courts have no original jurisdiction in matters of probate . . . . Section 330 of the Probate act provides for appeals from all orders, judgments, or decrees of the probate (county) court to the circuit court . . . . By section 330 the jurisdiction conferred on the circuit courts in matters of probate is appellate only. The legislature did not attempt to, nor could it lawfully, confer original probate jurisdiction upon the circuit courts. By section 18 of article 6 of the constitution the original probate jurisdiction is vested solely in the county and probate courts. A proceeding to establish and probate a lost will is purely a proceeding relating to matters in probate within the language of said section of the constitution, of which the circuit court has no original jurisdiction. Such proceeding could not be instituted in a circuit court. The court would have no jurisdiction under its general chancery powers, or otherwise." The original jurisdiction of

245

county courts in matters of probate is exclusive. Crooker v. McArdle, 332 Ill 27, 30, 163 NE 384.

 The Bley and Crooker decisions indicate that original jurisdiction in matters of probate is vested solely and exclusively in county courts, and that original proceedings in such matters may not be instituted in circuit courts. The same constitutional provision which vests county courts with original jurisdiction in matters of probate also gives county courts original jurisdiction in proceedings for collection of taxes. It follows that original jurisdiction in proceedings for the collection of taxes is likewise vested in county courts and that such proceedings may not be instituted in justice courts.

 The State's Attorney argues that the constitutional provision granting county courts jurisdiction in proceedings for collection of taxes has not been construed as a limitation or restriction on the filing and hearing of tax cases in other courts, because tax foreclosures are filed and heard in courts other than county courts. It should be noted that actions to foreclose liens on real property for delinquent taxes as given by section 216 of the Revenue Act are actions in rem, and that the statute provides that such liens may be foreclosed in equity. The People v. Thain, 392 Ill 592, 598, 65 NE2d 344. The subject matter of such actions is the foreclosure of liens specifically authorized by statute, while the subject matter of the proceedings proposed by the State's Attorney is the collection of taxes. Whether such proceedings are designated actions in debt or otherwise, a justice has no jurisdiction of proceedings for collection of taxes, because original jurisdiction over that subject matter has been granted to county courts by section 18, Article VI of the Constitution.

In his petition for rehearing the State's Attorney contends that jurisdiction "in proceedings for the col-

lection of taxes and assessments" conferred by the Constitution upon county courts "is original but concurrent with justice of the peace courts, circuit courts," etc., and it is the position of the State's Attorneys who were granted leave to appear that "the citations and arguments in the petition for rehearing are determinative of the grave issues in this case." In support of this contention the State's Attorney refers to four decisions, none of which sustains this contention. Hundley & Rees v. Commissioners, etc., 67 Ill 559, 563, holds that a circuit court having constitutional original jurisdiction of all causes in law and equity has jurisdiction to confirm an assessment. It does not hold that a justice of the peace, having only limited statutory jurisdiction, has concurrent or any jurisdiction in proceedings for the collection of taxes.

The Attorney General suggests that "the presence of the question of revenue, which involves all statewide, as well as local taxes," gives him standing, in the event we retain jurisdiction, to move that we revise our opinion in the light of reflections developed by his suggestions. The record on this appeal does not show that any statewide taxes are involved, and the Act in regard to attorneys general and state's attorneys imposes the duty to appear in proceedings by collectors of taxes against delinquent taxpayers upon state's attorneys, and not upon the attorney general. One of the General's suggestions is that People v. Deep Rock Oil Corp., 343 Ill 389, 175 NE 572, is directly in point on the proposition that an action of debt may be brought "elsewhere than in the county court." In that case the Court held that such an action may appropriately be brought in the Supreme Court. What the General overlooks in this connection is that the Court there held that it had jurisdiction of an original action of debt to collect motor fuel taxes payable to the Department of Finance by Deep Rock Oil, because the Constitution

expressly provides that the Supreme Court shall have original jurisdiction in cases relating to the revenue. The Constitution furnishes no such authority to justices of the peace.

After carefully considering the matters contained in the petition for rehearing and all suggestions offered by amici curiae and the Attorney General, we adhere to our original conclusion that section 18, Article VI of the Constitution vests original jurisdiction over proceedings for collection of delinquent personal taxes in county courts to the exclusion of justices of the peace, that the respondent justices had no jurisdiction over the subject matter of the proceedings involved in the cases tendered by the State's Attorney, and therefore that his petition for a writ of mandamus should have been denied. Accordingly it is not necessary for us to consider whether or not justices of the peace have jurisdiction over the person of the People ex rel. Will County Board of Supervisors. The judgment of the Circuit Court of Will County is reversed.

Reversed.

DOVE, P. J. and SMITH, J., concur.